PETER N. HAM, Plaintiff in Error, *v.* THE ST. LOUIS PUBLIC SCHOOLS, Defendant in Error.

*Limitations—Writs of Error.*—Writs of error must be brought within three years from the date of the rendition of the final judgment, without regard to the motion for a new trial.

34   181
44a  603

34   181
o167 545
167  546
o167 548

*Error to Land Court.*

*S. T. Glover*, for plaintiff.

*E. Casselberry*, for defendant.

BATES, Judge, delivered the opinion of the court.

A motion has been filed to dismiss the writ of error in this case upon the ground that three years had expired after the rendering of the final judgment before the writ of error was brought.

The writ of error is dated the 18th day of May, 1863; the judgment was rendered on the 7th day of May, 1860. A motion for a new trial was filed on the 8th day of May, 1860, which was overruled on the 14th day of June, 1860.

The statute (Art. 14, § 3, of Practice in civil cases, 2 R. C. 1295,) is as follows:

"All writs of error upon any judgment or decision, of any court in any case, whether civil or criminal, shall be brought within three years after the rendering of such judgment or decision, and not thereafter."

The statute defines a judgment to be the final determination of the right of the parties in the action, and it is here contended by the plaintiff in error that the right of the parties is not finally determined until the motion for a new trial be overruled. We do not think so. The action of the court upon the motion for a new trial is not a judgment, but only an order, which, if it be overruled, has no effect upon the judgment.

It is the judgment which is sought to be reversed by the writ of error, and not the orders determining the motion for a new trial, which forms no part of the record, unless made so by bill of exceptions.

We think that the time within which the writ of error may be brought should date from the day of the rendering of the judgment, without regard to the motion for a new trial.

The writ of error is dismissed. Judge Bates concurs; Judge Dryden dissents.