## SNYDER v. JAMES.

ERROR.—Under section 522, of the Compiled Laws, proceedings in error not brought within one year after the date of the judgment below, will be dismissed on motion.

ERROR to the District Court of Laramie County.

In the court below judgment was rendered in favor of the defendant in error, on the 15th day of July, 1878, and the motion for a new trial was overruled on July 30th, 1878. The precipe for writ of error was filed in the supreme court on the 30th of July, 1879, and a writ of error issued on the same date. The writ of error, together with a transcript of the record, was returned on the 15th of August, 1879.

A motion was made to dismiss the proceedings in error on the ground that they were not commenced within the time prescribed by law.

*E. W. Mann*, for plaintiff in error.

The question presented for decision by the motion to dismiss is, whether the appellate proceedings were commenced within the time limited by law. Code of Civil Procedure, sec. 522, Laws of 1877, page 23.

In this case a judgment was rendered in the district court, July 15th, 1878. This judgment was modified and the amount reduced July 30th, 1878.

The precipe for writ of error was filed in the supreme court July 30th, 1879, and the writ of error issued the same day. It is the filing of the writ that removes the record from the inferior to the appellate court, and the period of limitation must be calculated accordingly. *Brooks* v. *Norris*, 11 Howard, 204.

It does not appear from the return of the clerk of the

district court at what time the writ was filed in that court. The court will not, therefore, presume that the writ was not filed within the time required by law.

· The question then arises, Which was the final judgment in the case, the judgment of July 15th or the judgment of July 30th? A judgment is the final determination of the rights of parties in action. Code of Civil Procedure, sec. 377; Compiled Laws, page 82. The two judgments, before referred to, appear on pages 28 and 29 of the transcript. It is evident that the judgment of July 30th was the final determination of the rights of the parties in action, as no attempt was made to enter that judgment as of the date of the former judgment. The court has power to vacate judgments during the term at which they were rendered. Freeman on Judgments, sec. 90. The motion to dismiss the appeal should, therefore, be overruled.

*C. N. Potter*, for defendant in error.

The civil code, as amended, provides that no proceedings for reversing, vacating or modifying judgments, or final orders, shall be commenced unless within one year after the rendition of the judgment or making the final order complained of, with certain exceptions not applicable here. Compiled Law. Wyo., sec. 522, page 105; Laws of Wyo., 1877, page 23.

The judgment in the case having been rendered July 15th, 1878, then these proceedings were commenced more than a year afterwards. It is the judgment and not the overruling of the motion for a new trial that is appealed from or that is desired to be reversed. The rule of court providing that no case will be considered until motion for new trial has been heard in court below, does not and could not change or affect the proper construction of the statute. Compiled Laws Wyo., sec. 522, page 105; Laws of 1877, page 23; Compiled Laws Wyo., sec. 512, page 103. And the assignment of errors alleged error in rendering judgment, &c.

But if it was true that the overruling of the motion for new trial is the order of which reversal is asked, then the proceedings are not commenced within the year. The filing of precipe for, or issuance of, writ of error does not determine the commencement of the proceedings. They are not deemed to be commenced until the writ of error, together with the transcript, is returned to and filed in the supreme court. When proceedings are commenced by petition in error, they are not considered commenced until service of summons in error, and in such cases the transcript is filed with the petition. *Robinson* v. *Orr*, 16 Ohio Stat., 285; *Buckingham* v. *Commercial Bank of Cincinnati*, 21 Ohio Stat., 131.

SENER, C. J. It seems to the court that the judgment entered in this cause must have been the judgment of the court entered July 15th, 1878. That in our opinion was the final determination of the rights of the parties in this action, so far as the matters in controversy rested with the district court for Laramie county for determination.

It is true there is a journal entry certified in the cause, showing that on the 30th day of July, 1878, the plaintiff and defendant appeared in the district court and then and there the plaintiff agreed to a remittitur or reduction and modification of the judgment entered July 15, 1878; but that very entry made by agreement, created no judgment as of July 30, 1888, but expressly and in terms recognized the judgment of July 15, 1878 as the judgment entered by the court in this cause, describing it as the judgment of July 15, 1878; and declaring that the same, *i. e.*, the judgment of July 15, 1878, should be reduced and modified to the amount therein stated. How easy, if it had been the intention of the court to have made a new judgment in lieu of the judgment of July 15, 1878, to have said so in words not capable of being misunderstood; on the contrary nothing of the kind appears.

It is shown that a remittitur was entered, but Bouvier treats a remittitur as the act of the plaintiff—the act of one

party to the suit—while the judgment in this case is the act of the court upon the pleadings arising in the cause, and the final determination of the right of the parties in the action, so far as they were presented to the court for determination. The judgment of July 15, 1878, notwithstanding the remittitur of the plaintiff, of July 30, 1878, remained the judgment of the court.

The remittitur in this case, it seems to us, was no more than the consent of the parties to such modification or reduction of the judgment, as by an agreement. It might have been made just as well in the clerk's office, on the back of the judgment, or in the execution on the judgment in the sheriff's hands, had one issued, save for the value of the journal entry as record evidence.

For the purpose of enlarging the time within which the judgment of July 15, 1878 may be brought into this court for review by writ of error, the remittitur, being the act of the plaintiff, or if you please, the act of both parties, gives it in our opinion no value. To do so would be to put it in the power of litigants, or one of them, to extend the provisions of the statute, as to the time within which writs of error may be brought into this court to review the judgments of courts below, which, of course, cannot be done.

It follows, therefore, that proceedings not having been commenced in this court within one year from the time the said judgment of July 15, 1878 was rendered in the district court as aforesaid, for reversing, vacating or modifying it, that the motion of the defendant in error is well taken.

This being our view on this branch of the motion to dismiss, as submitted to the court, renders it unnecessary to consider the other question presented, viz.: as to when proceedings in error, to reverse, vacate or modify the judgment of the court below, were begun in this case in this court.

For the reasons stated, it seems to the court that the motion to dismiss this case is properly taken; and therefore the proceedings in error will be dismissed, and the judgment

of the district court affirmed, but as it appears to the court that there were reasonable grounds for the proceedings in error, the five per cent. mentioned in the statute will not be allowed in this case.

Writ of error dismissed.