ROBERT SCOTT, Defendant in Error, v. BARBARA SCOTT, Plaintiff in Error.

### Kansas City Court of Appeals, April 27, 1891.

1. **Divorce:** ENTRY OF JUDGMENT: WRIT OF ERROR. Technically and properly the judgment of the court after its decision, or after verdict, should not be rendered until after the expiration of four days in which a motion for a new trial may be filed, if the term so long continues ; and, if such motion be filed, the judgment is suspended until it is overruled ; and the final judgment spoken of in the statute relating to appeals and writs of error would not be considered as rendered until the motion for a new trial is denied. So a writ of error in a divorce case sued out within sixty days from the overruling of the motion for a new trial, but more than sixty days after the finding was announced, is in time and will not be dismissed. ( *Following Thomas v. Thomas*, 64 Mo. 353, and *distinguishing Ham v. St. Louis Schools*, 34 Mo. 181.)

2. ———— : ABANDONMENT: EVIDENCE TO SUPPORT. Upon a review of the evidence in this case nothing is found to satisfy the court that the separation was against the will and wish of plaintiff, or that he was ever desirous that it should cease, nor to justify the granting of a divorce.

*Appeal from the Cass Circuit Court.*—HON. CHAS. W. SLOAN, Judge.

REVERSED AND REMANDED ( *with directions*).

*Noah M. Givan* and *Jas. S. Brierly,* for plaintiff in error.

(1) The writ of error in this case, which was dated on March 22, 1890, was not issued within sixty days after the judgment for divorce was rendered, which was on January 18, 1890. And this court is prohibited by statute from either reversing, annulling or modifying said judgment. R. S. 1889, secs. 4510, 2275; *Judge v. Judge,* 38 Mo. 159; *Salisbury v. Salisbury,* 92 Mo. 683; *Childs v. Childs,* 11 Mo. App. 395; *Nave v. Nave,* 28

Mo. App. 505; *Ham v. Schools*, 34 Mo. 181, *Bank v. Reilly*, 8 Mo. App. 544; Freeman on Judgments, secs. 23-25; *Neall v. Hill*, 16 Cal. 145; 76 Am. Dec. 508. (2) The husband is the head of the family, and he has the right to say where they shall both live, and it is the wife's lawful duty to follow the fortunes of her husband, and live where he chooses to live, and when she refuses to do so she abandons him. *Messenger v. Messenger*, 56 Mo. 329; 5 Am. and Eng. Encyclopedia of Law, 802; *Hunt v. Hunt*, 29 N. J. Eq. 96; *Gleason v. Gleason*, 4 Wis. 66. (3) The finding of the trial judge on the evidence in cases of this character, being in their nature equitable, should be deferred to unless he has disregarded the evidence. *Nichols v. Nichols*, 39 Mo. App. 294; *Snell v. Harrison*, 83 Mo. 652; *Hodges v. Black*, 76 Mo. 537; 8 Mo. App. 389; *Royle v. Jones*, 78 Mo. 403.

*Whitsitt & Jarrott, R. T. Railey* and *J. T. Burney*, for defendant in error.

(1) The record does not show that defendant abandoned plaintiff, and the bill should be dismissed. *Gillenwater v. Gillenwater*, 28 Mo. 60; Bishop on Mar. & Div., sec. 783, *et seq.; Cornish v. Cornish*, 8 C. E. Green, 208; *Meldowney v. Meldowney*, 12 C. E. Green, 328; *Cornish v. Cornish*, 23 N. J. Eq. 208; *Moores v. Moores*, 10 N. J. Eq. 276; *Cox v. Cox*, 35 Mich. 461; *Rudd v. Rudd*, 33 Mich. 101; *Gilmer v. Gilmer*, 37 Mo. App. 672; *Nichols v. Nichols*, 39 Mo. App. 291. (2) When the wife separates from her husband, with his consent, he is not entitled to a divorce on account of desertion. *Simpson v. Simpson*, 31 Mo. 24; Bishop on Mar. & Div., sec. 783, *et seq.; Gray v. Gray*, 15 Ala. 779, 784-5; *Dwyer v. Dwyer*, 16 Mo. App. 422. (3) Plaintiff never offered to take defendant back as his wife, nor did he attempt a reconciliation or show any disposition to come to an understanding or agreement with his wife; the bill should, therefore, be dismissed.

*Gilmer v. Gilmer*, 37 Mo. App. 672 ; *Nichols v. Nichols*, 39 Mo. App. 291.

ELLISON, J.—Before entering into the merits of this action we will dispose of a motion of an important nature which has been filed by the plaintiff who obtained the judgment below granting him a divorce from defendant. This judgment appears in the record as having been written on the day the finding was made. Defendant filed a motion for new trial on January 22, which was within four days after the finding against her. The court took this motion under advisement until January 31, when it was overruled. Thereupon, within sixty days from the time of overruling the motion for new trial, but more than sixty days after the finding was announced defendant duly sued out her writ of error. The motion now is to dismiss the writ of error as not having been taken out within sixty days after the judgment was rendered. The statute on this matter is as follows : " Sec. 4510. *Appeals and writs of error*. No final judgment or order rendered in cases arising under this chapter shall be reversed, annulled or modified, in the supreme or any other court, by appeal or writ of error, unless such appeal shall have been granted during the term of court at which the judgment or order appealed from was rendered, or unless such writ of error shall have been issued within sixty days after the order was made or judgment was rendered." The contention of plaintiff is, that the sixty days begins to run from the day the case is decided, or the court's finding is made and announced. In other words, the contention is, that upon that day the judgment is rendered. The defendant maintains that the final judgment, contemplated by the statute, is not had till after the motion for new trial is disposed of.

Technically and properly, the judgment of the court after its decision, or after verdict, should not be rendered until after the expiration of four days, in which

a motion for new trial may be filed, if the term so long continues. Tidd's Practice, 903-905; *Lans v. Kingsberry*, 11 Mo. 402; *St. Louis D. & S. L. Ass'n v. Augistin*, 2 Mo. App. 132. And if such motion for new trial be filed the judgment is, of course, suspended until it is overruled. In such case and for such purpose, the final judgment spoken of in this statute would not be considered as rendered until the motion for new trial was denied. This view must be correct from the fact, that were it otherwise, and the trial judge should take a motion for new trial under advisement ( as is frequently done ) for more than sixty days, he might wholly deprive the losing party of a hearing in an appellate court. This conclusion is supported by the case of *Thomas v. Thomas*, 64 Mo. 353, wherein it is held that, until the motion to set aside the decree is overruled, there is no judgment from which an appeal can be taken, or which could be reviewed on writ of error.

Another view sustains the position. The section quoted, and the one following, were undoubtedly enacted to prevent the interference with marital relations contracted after the judgment of the court decreeing a divorce. This is apparent from a perusal of the cases cited in *Nave v. Nave*, 28 Mo. App. 505. As, therefore, subsequent marital relations could not be contracted while a motion for new trial is pending, we conclude that no reason can exist consistent with the evident object of the statute, for denying a writ of error within sixty days after the disposal of the motion for new trial.

The difficulty we have met with in disposing of this matter has arisen from the opinion of the supreme court in *Ham v. Schools*, 34 Mo. 181, wherein section now 2275 was interpreted to mean that a writ of error in ordinary cases must be sued out within three years from the date of rendering the judgment, without regard to the motion for new trial. It is evident that

the court, in that case, considered the judgment as rendered on the day of the decision. The view we have taken does not seem to have been considered. At any rate it is a decision on a different statute and as it cannot be reconciled with the later case of *Thomas v. Thomas, supra,* we do not feel bound by it. It is well enough to add by way of illustration, that by the terms of section 2248, Revised Statutes, 1889, no appeal can be allowed unless " it be made *during the term* at which the judgment or decision appealed from was rendered." Yet, it is well established that if there be a motion for new trial taken under advisement to a subsequent term the appeal may not only be made at that term but cannot be taken sooner. It being considered that no final judgment is rendered till after the motion for new trial is overruled, we will, therefore, deny the motion and proceed to the merits of the case.

II.  The ground for divorce charged by plaintiff is absence without reasonable cause for more than one year.  We are satisfied that plaintiff has failed to make out a case sufficient under this charge to authorize the judgment in his favor. The evidence shows clearly that the parties lived together agreeably, until they determined to move from Pleasant Hill to plaintiff's farm. On this farm there were several houses. One of them, called the Holcomb house, was where plaintiff wished to live. Defendant objected to moving into this house. She showed by testimony in her behalf some degree of reasonable excuse for this. But, to take plaintiff's testimony alone, it does not appear that there was anything in what she said or did to justify subsequent actions on his part. It appears that there was very little said between them before the last of September, the day of their going out to the farm. Two loads of goods had been taken to Bailey's by defendant's direction and without dissent from plaintiff. They went out together in a buggy. He stopped at the Holcomq house and she refused to get out. He asked her where

Scott v. Scott.

she wanted to go, and on her replying that she wanted to go to Bailey's he took her there. There does not appear to have been any quarreling or ill feeling; he simply acquiesced in her decision not to go into the Holcomb house, and took her to the other place where they lived without trouble for more than two months. Defendant attended to plaintiff's domestic necessities during this period, and no reference appears to have been made to the Holcomb house. Defendant appears to have objected seriously to plaintiff's business relations with Warner. She was of the opinion (whether justly or not need not be inquired into) that Warner was in large part the cause of plaintiff's financial troubles. Plaintiff sided with Warner. He says he had rented some land to Warner, and that defendant said to him that if he did not take it back "we would be considered two;" that *he* then "went off" and did not talk to her after that; that he never asked her to live with him nor did he tell her "good bye." He went to the Holcomb house, after having gotten a family to move in. This is the substance of his testimony. There appears to have been no harshness or ill feeling between them. Indeed, there is nothing shown by plaintiff to justify the charge in the petition that she had abandoned him "without reasonable cause." He unquestionably acquiesced in going to Bailey's instead of the Holcomb house,—whether willingly or not is of no particular moment, nor does it appear. Bailey was defendant's brother, and his wife was plaintiff's daughter, and they appear to have been comfortably located and remained there several weeks, when, merely on her statement that if he rented to Warner they would be "two," he left her without asking what was meant by the expression, or ascertaining whether it was the mere speech of the moment, and not meant as a dissolution of their marital relations. There is nothing in the case to satisfy us that the separation was against the will and

wish of plaintiff, or that he was ever desirous that it should cease.

Looking to the testimony in behalf of defendant the meagerness of plaintiff's case more clearly appears. She states that she never refused to go into the Holcomb house, but that she strongly objected to doing so, as the house was near the railroad where tramps were frequently passing; that plaintiff at one time exhibited ill-founded jealousy, and the Holcomb house being rather public in its location, where many persons stopped, she feared a return of this feeling and thereby disgrace would follow. Plaintiff, while denying that he ever accused her of infidelity or thought her untrue, does admit that he referred to such matter to Bailey, for which he entertained regret. Other testimony makes clear that defendant did not object to the Holcomb house from a mere disposition to exercise control of her husband, nor from any evil mind; or from ill feeling towards plaintiff. Her grounds of objection were honestly entertained. So her dislike of Warner, though it may have been unjust, was an honest opinion.

While we have not set forth the testimony nor referred to all of it, yet the foregoing properly characterizes the whole, and we feel bound to say that the petition should have been dismissed. In the consideration of the case we have not been unmindful of the law that the husband's residence must be that of the wife, and that he should be permitted to select their joint abode.

We will reverse the judgment and remand the cause with directions that the petition be dismissed. All concur.