G. H. SHARP v. J. H. BROWN.

[FILED APRIL 7, 1892.]

1. **Error Proceedings:** TIME: RULE CHANGED. Proceedings in error in the supreme court may be commenced within one year from the time the motion for a new trial is overruled. *Hollenbeck v. Tarkington,* 14 Neb., 430, overruled.

2. **District Court:** ADJOURNMENT: EVIDENCE. A cause in the seventh district was submitted to the judge of the ninth district and by him taken under advisement and held for many months, and a decision rendered at a time to which it was claimed the court had been adjourned. No journal entry showing such adjournment was produced, and the affidavits were too uncertain to justify the court in holding that there was an adjourned term.

3. **Tax Deeds:** REDEMPTION. Upon the record presented, *held,* that the tax-deeds did not convey the title to the land, and the plaintiff would have the right to redeem upon paying the taxes due, with interest thereon.

4. **Dismissal Without Prejudice.** After a cause is submitted to the court the right of the plaintiff to dismiss the cause without prejudice without leave of court is at an end.

ERROR to the district court for Pierce county. Tried below before TIFFANY, J.

*C. C. McNish, J. C. Crawford,* and *M. McLaughlin,* for plaintiff in error, cited: *Kinports v. Rawson,* 2 S. E. Rep.

[W. Va.], 85 ; *Manning v. Mathews*, 24 N. W. Rep. [Ia.], 271; *Brown v. Kimball*, 4 Kan., 422; *Cox v. State*, 2 Pac. Rep. [Kan.], 155.

*H. C. Brome, contra,* cited : *Candy v. State*, 8 Neb.; 484; *Drake v. State*, 14 Id., 539

MAXWELL, CH. J.

The cause of action is set forth in the petition as follows :

" First—That the plaintiff is the owner of the southwest quarter of section 11, township 27 north, of range 3, west in Pierce county, Nebraska, and that he derived title by deed from Clarissa Brown (a widow), who derived title to the same by patent from the United States.

" Second—That in the years 1873, 1874, 1875, 1876, 1877, 1878, 1879, 1880, 1881, 1882, and 1883, the county clerk of Pierce county, Nebraska, made out the tax roll for each of said years and placed thereon said real estate for taxation, and did place and charge against said real estate for each of said year's taxes.

" Third—That on the 2d day of March, 1875, H. R. Mewis, then the treasurer of said Pierce county, Nebraska, without authority of law and without having published a notice of the sale thereof as required by law, proceeded to sell at private sale plaintiff's said real estate, for the delinquent taxes for the year 1873, and sold the same to James H. Brown, the defendant herein, for the sum of $25.95, and executed and delivered a pretended certificate of purchase for said land.

" Fourth—Said plaintiff says that sale of said land and the certificate of purchase issued as aforesaid are void for the following reasons, to-wit :

" 1. That said land was never listed and assessed as required by law.

" 2. Said land was never advertised for sale as required

by law, and a return made to said treasurer of such advertisement and the same filed and retained by said treasurer as required by law.

"3. Said land was sold for more taxes than the amount charged against the same by the county clerk and placed on the tax list for the year 1873, and the lawful interest, penalty, and charges against the same.

"4. That said certificate does not show where the land was sold.

"5. That said certificate includes a void tax.

"6. That by the terms of said certificate the owner was not allowed two years in which to redeem said land.

"7. That there never was any equalization by the board of county commissioners as a board of equalization as required by law.

"8. That the certificate does not contain a recital that the land had been previously offered for sale for such taxes at public sale and not sold for want of bidders.

"9. That said certificate fails to show that personal property was first exhausted, or that the owner of the land had no such property.

"Fifth—that afterwards, on or about the 27th day of August, 1879, one Chas. Apfel, then treasurer of Pierce county, Nebraska, upon the presentation of said certificate, and upon the demand of said defendant, said treasurer issued and delivered to said defendant a treasurer's deed for said land.

"Sixth—That said treasurer's deed is void for the following reasons, to-wit:

"1. That the certificate of purchase upon which said deed was issued is void for the reasons set forth in paragraph four of this petition.

"2. That no notice was given the owner of the time when the right of redemption would expire as required by law.

"3. That said deed shows upon its face that said land

was sold for a larger amount of money than the taxes charged against the same with interest and costs.

" 4. That said deed purports to have been issued on a private sale certificate and does not contain a recital that the land had been previously offered for sale for such taxes at public sale, and not sold for want of bidders, as required by law.

" 5. That said deed fails to show that personal property was first exhausted, or that the owner of the land had no such property.

" 6. That said deed is void for divers other reasons which appear upon the face of said deed.

" 7. That said plaintiff is ready and willing to pay his just and lawful taxes with interest and penalties provided by law.

" Wherefore said plaintiff prays that said tax deed be declared null and void, and that said plaintiff may be permitted to pay his lawful taxes with interest thereon, and that the cloud cast upon plaintiff's title to said real estate by reason of said deed may be removed, and plaintiff's title to said real estate be quieted, and for such other and further relief as is just and equitable."

To this petition the defendant filed an answer as follows:

" Now comes the defendant and for answer to plaintiff's petition herein:

" First—Denies each and every allegation in said petition contained.

"Second—And for further answer and defense herein, defendant alleges that more than three years has elapsed since the treasurer's deed in said petition mentioned was made and recorded, and the cause of action is barred by the statute of limitations, which fact also appears by the allegations in plaintiff's petition."

Various proceedings were had, among others a submission of the cause to the district court and briefs to be filed in sixty days. Afterwards, the plaintiff sought to dismiss

the cause and filed a motion to that effect, which does not seem to have been entertained by the court. In this there was no error. A plaintiff may dismiss his cause without prejudice, where no affirmative relief is sought by the defendant, at any time before it is finally submitted to the court. (Code, sec. 430a; *Harris v. Cronk,* 17 Neb., 475.) But after a cause has been submitted to the court, the power of the plaintiff to dismiss without prejudice is at an end. The cause originally was submitted to the judge of the ninth district on the 9th day of June, 1886. Great delay seems to have prevailed, and no decision was made until December 13, 1887, when said judge appeared in Pierce county, apparently at the request of some of the defendant's attorneys, and so far as appears without notice to plaintiff's attorney, and rendered judgment confirming the defendant's title to the land in question and dismissing the plaintiff's petition. No decree seems to have been entered until April 24, 1888. The plaintiff thereupon filed a motion for a new trial, which is stated to have been overruled on that day, but the filing shows was not decided until September 3, 1888, when it was overruled. A motion for a new trial was also overruled on the 8th day of July, 1890. The transcript was filed in this court August 27, 1890. A motion is now made to dismiss because the transcript was filed more than one year after the rendition of final judgment. In *Hollenbeck v. Tarkington,* 14 Neb., 430, it was held that the transcript must be filed within one year from the date of the judgment, without regard to the time when the motion for a new trial was overruled, and this ruling is now insisted upon here. In that case this court cited and approved that of *Ham v. St. Louis Public Schools,* 34 Mo., 181. We are satisfied, however, that both of the cases cited place too narrow a construction upon the Code, and this case fairly illustrates the injustice of the rule where the ruling on both motions seems to have been greatly delayed. We are satisfied that justice will

be promoted by holding that final judgment will date from the time a motion for a new trial is overruled and final judgment in fact rendered.    The motion to dismiss, therefore, cannot be sustained.

A considerable part of the record is taken up with affidavits tending to show the authority of the judge of the ninth district to render the judgment in question in Pierce county in the seventh district on December 13, 1887.    No journal entry is produced, tending to show an adjournment of court to that time, and the affidavits upon that point are conflicting, so that upon the evidence in the record there is a failure of proof to show the authority of such judge to render the judgment in question, and it could not take effect until a subsequent regular term of the court.

Upon the merits of the case it is very evident that the court erred; that the tax deeds in question were void upon their face and the court should have so held and permitted the plaintiff to pay the taxes and interest thereon.    The judgment of the district court is reversed and the cause remanded to the district court with directions to enter a decree for plaintiff, upon his paying the amount of taxes due the defendant, with interest thereon.

JUDGMENT ACCORDINGLY.

THE other judges concur.