CHARLES P. ALLEN, Defendant in Error, v. RACHEL ALLEN, Plaintiff in Error.

**St. Louis Court of Appeals, January 7, 1896.**

**Divorce:** TIME ALLOWED FOR SUING OUT WRIT OF ERROR. A writ of error for the review of a decree of divorce will be dismissed, if it was sued out more than sixty days after the rendition of the decree, the statutory limitation of the time for appeal and issue of a writ of error in such a case (R. S., sec. 4510) being peremptory.

*Error to the Lincoln Circuit Court.*—HON. E. M. HUGHES, Judge.

WRIT OF ERROR DISMISSED.

*Edgar B. Woolfolk* and *Frank Howell* for plaintiff in error.

*Norton & Avery* for defendant in error.

BIGGS, J.—This is an action for divorce. The decree, which was in favor of the plaintiff, was rendered on the eleventh day of October, 1894. The writ of error was sued out on the twenty-sixth day of April, 1895, which was more than sixty days after the rendition of the judgment and after motion for new trial was overruled. The statute provides that no final judgment in an action for divorce "shall be reversed, annulled or modified, in the supreme court or any other

court, by appeal or writ of error, unless such appeal shall have been granted during the term of the court at which the judgment or order appealed from was rendered, or unless such writ of error shall have been issued within sixty days after the order was made or judgment was rendered." R. S. 1889, sec. 4510. This statute is peremptory, and it follows that the writ of error must be dismissed. Besides, there was no notice given of the issuance of the writ, as required by the statute. R. S., sec. 2290.

The motion of the defendant in error to dismiss the writ will be sustained. All concur.