OCTOBER TERM, 1904.

## CONRADT v. LEPPER.

APPEAL AND ERROR.—TIME FOR COMMENCING PROCEEDING IN ERROR—
MOTION FOR NEW TRIAL.—STATUTORY CONSTRUCTION.

1. The statute fixing the date of the rendition of the judgment as the commencement of the period of limitation for prosecuting proceedings in error refers to a judgment that has become final for the purpose of instituting such proceedings.

2. The evident purpose and intent of the statute limiting the time for commencing proceedings in error to one year from the rendition of the judgment is to allow that period from the time that a party may rightfully commence such proceedings for the correction of the errors complained of.

3. Under the statute requiring a proceeding in error to be commenced within one year after the rendition of the judgment, or the making of the final order complained of, a proceeding in error commenced within one year from the order over-

ruling a motion for new trial seasonably filed is commenced in time to authorize the review of alleged errors properly involved in a determination of such motion; since, under the decisions and rules of the Supreme Court nothing which could have been properly assigned as a ground for new trial will be considered on error unless the same was properly presented to the court below by such a motion, and the motion overruled and exception taken, and, hence, the character of finality will not attach to the judgment for the purpose of review on error, until the court shall order the overruling of the motion.

4. A provision in the statute allowing an extension of time is not to be construed as showing that the date of the actual rendition of judgment, independent of the motion for new trial, was intended by the requirement for commencing proceedings in error within one year after the rendition of the judgment.

[Decided October 3, 1904.]                    (78 Pac., 1.)

ERROR to the District Court, Albany County, HON. CHARLES W. BRAMEL, Judge.

On motion to dismiss.

*H. V. S. Groesbeck,* for defendant in error, appearing specially for the motion.

Nothing appears here but the original papers, including the bill of exceptions, and they do not show the date of the rendition of the judgment. This of itself is sufficient to dismiss the cause. (Gramm v. Fisher, 4 Wyo., 1; S. C., 3 Wyo., 595; Daley v. Anderson, 7 Wyo., 1; Comm'rs. v. Shaffner, 10 Wyo., 181.) We present with this brief a certified copy of the judgment below, to be considered if the court does not dismiss, either upon the motion or *sua sponte,* upon its attention being called to the omission to bring up a transcript of the journal entries in apt time.

The proceedings in error were not commenced within one year after the rendition of the judgment complained of, as provided by the Revised Statutes, 1899, Section 4262, as amended by Section 1, Chapter 28, Laws of 1901. The

plaintiff in error did not labor under any of the disabilities referred to by that statute, and hence the proceeding was not commenced within the period of limitation. The time must be computed from the rendition of the judgment. (Winkfield v. Brinkman, 31 Kan., 25; Greer v. Spencer, 3 Ky. Law Rep., 469; Marinda v. Dowlin, 4 O. St., 500; Finch v. Ives, 24 Conn., 387; Mannix v. Purcell, 46 O. St., 102; Wade v. Kimberly, 5 O. C. C., 33.) This is the rule though a motion for a new trial is not disposed of within the period of limitation. (Slattery v. Robinson, 7 Colo. App., 22; Shalty v. MacIntyre, 136 Ill. App.; Goldsborough v. Gable, 39 id., 278; Carpenter v. Brown, 50 Ia., 451; R. R. Co. v. Reasor, 6 Ky. Law Rep., 509; Griswold v. Ryan, 2 Mont., 47; Ins. Co. v. Swantkowski, 31 Neb., 245; Brown v. Coal Co., 48 O. St., 542; Young v. Shallenberger, 53 id., 291; Dowty v. Pepple, 58 id., 395; Selber v. Akron, &c., Co., 19 O. C. C., 633; Durand v. Higgins, 72 Pac., 567; Gallagher v. Cornelious, 23 Mont., 27; McCallom v. Ulen, 92 Mo. App., 384; Hollenbeck v. Tarkington, 14 Neb., 430; Brooks v. R. R. Co., 110 Cal., 173; Henery v. Merguire, 111 id., 1; Burchinell v. Bennett, 10 Colo. App., 150; Hill v. Hill, 114 Mich., 599; Ham v. Pub. Sch., 34 Mo., 181; Doorley v. Mfg. Co., 5 Okl., 594; Cooper v. Yokum, 91 Tex., 391; Conway v. State, 5 Wyo., 107; Caldwell v. State (Wyo.), 74 Pac., 496.)

The cause should be dismissed for the further reason that there is no transcript of journal entries showing when the judgment was rendered. (Selber v. Young, 34 So., 95.)

*S. C. Downey* and *C. P. Arnold,* for plaintiff in error, *contra.*

Proceedings in error are brought within time if commenced within the year after the trial court overruled the motion for a new trial, as no proceedings in error can be instituted while the motion for a new trial is pending. (Gramm v. Fisher, 3 Wyo., 595.) The judgment is not a finality until such motion has been passed upon. The con-

dition precedent necessary for the presentation of errors
in this court is the presentation thereof to the court below in
a motion for a new trial and the denial of such motion.
(Supreme Court Rule 13; Elliott App. Proc.; Sec. 119, and
cases cited.) The judgment is suspended pending a motion
for a new trial, and the judgment is not to be considered as
rendered for the purposes of appeal and writs of error until
the motion is denied. (Watson v. Mayberry, 15 Utah, 265;
Orchard Co. v. Hanley, id. 506; Snow v. Rich, 61 Pac.,
336; Bates v. Lyman, 35 Kan., 634; Slaughter House
Cases, 10 Wall., 289; Memphis v. Brown, 94 U. S., 717;
Alexander v. U. S., 57 Fed., 828; Trust Co. v. Stockton, 72
id., 1; Murdock v. Dist. Col., 23 Ct. Cl., 41; C. & I. Co. v.
Field, 104 Ala., 471; Wheeler v. Barr, 6 Ind. App., 530;
Moon v. Cline, 11 id., 460; R. R. Co. v. Doane, 105 Ind.,
92; Sharp v. Brown, 34 Neb., 406; Louisville v. Muldoon,
19 Ky. Law Rep., 1386 (43 S. W., 867); Succession of
Gilmore, 12 La. Ann., 562; Johnson v. Grove, 80 Mo. App.,
170; Inman v. Estes, 104 Ga., 645; Colchen v. Ninde, 120
Ind., 88; State v. Kansas City, 16 S. W., 415; 2 Ency.
Pl. & Pr., 137; Kendall v. Lucas Co., 26 Ia., 395; Baird v.
R. R. Co., 72 N. W., 1020; Hauser v. Haines, 61 Pac., 660
(Cal.); Brison v. Brison, 90 Cal., 327; Water Co. v. Gage,
108 Cal., 243; Sanford v. Bacon, 75 Conn., 541.)

While it is admitted that the decisions in Ohio are per-
suasive on account of our adoption of the code from that
state, they are not conclusive when rendered subsequently
to our adoption of their statutes. In that state, however,
the practice on error is radically different from that adopted
in this state. There, no motion for a new trial is required
to review error committed during the trial, or to call in
question by appeal exceptions to the instructions or refusal
to instruct; the only office of such a motion in that state
being to challenge the sufficiency and weight of the evi-
dence. (Searles v. State, 6 O. C. C., 331; Graves v. Hall,
10 id., 385; Earp v. Ry. Co., 12 O. St., 621; Lockwood v.
Krumm, 34 id., 1.)

The decisions of this court in Conway v. State, 5 Wyo., 107, and Caldwell v. State, 74 Pac., 496, do not sustain the position taken by the defendant in error. Both of those cases arose under a criminal procedure, and the question here was neither raised nor suggested. Nor could it have been raised. After verdict in criminal cases, a motion may be made in arrest of judgment, which must precede sentence, and the rule prevailing at common law that motions for a new trial in criminal cases must be made before judgment has not been changed by the code. On the other hand, in civil cases judgment is immediately entered upon the return of the verdict or the findings of the court.

Since the decision in Gramm v. Fisher, *supra,* and the adoption in the opinion in that case of the reason and authority of Colchen v. Ninde, 120 Ind., 88, the question is not an open one in this court. Statutes providing for appeal are remedial and should be liberally construed in furtherance of the remedy. (Brown v. Evans, 18 Fed., 56; Rutherford v. Ins. Co., 1 id., 456; Tel. Co. v. Eyser, 19 Wall., 419; Watson v. Mayberry, 49 Pac., 479.)

POTTER, JUSTICE.

The defendant in error moves the dismissal of the proceedings in error in this cause on the ground that the same was not commenced within one year after the rendition of the judgment complained of. It is conceded that the proceeding was not commenced within one year after the judgment was rendered, taking the date of the judgment as the date of its rendition, but that it was commenced within one year after the order of the court overruling the motion for new trial; and the question presented is whether the proceeding so instituted was commenced within the period allowed by law. The motion is based on the following statute:

"No proceeding to reverse, vacate or modify a judgment or final order shall be commenced unless within one year after the rendition of the judgment, or the making of the final order complained of; or, in case the person entitled

to such proceeding is an infant, a married woman, a person of unsound mind, or in prison, within one year, as aforesaid, exclusive of the time of such disability; *Provided, however, That* the court rendering such judgment or making such final order upon application of the party desiring to institute such proceeding and upon making to said court a sufficient showing that said party will be unavoidably prevented from instituting such proceeding within said time, shall, by an order duly entered of record, give to said party a reasonable extension of time, not exceeding eighteen months, within which to institute such proceeding." (R. S., Sec. 4262, as amended by Chap. 28, Laws of 1901.)

According to the uniform holding of this court, no question will be considered on error from a judgment of the District Court which might properly have been presented to such court by a motion for new trial, unless such a motion is seasonably made presenting the question and an exception preserved to the ruling on the motion; and we have a rule of long standing to that effect, viz: "Rule 13. Nothing which could have been properly assigned as a ground for a new trial in the court below will be considered in this court, unless it shall appear that the same was properly presented to the court below by a motion for new trial, and that such motion was overruled and exception was at the time reserved to such ruling; all of which shall be embraced in the bill of exceptions. The ruling of the court below upon each matter presented by a motion for new trial shall be sufficiently questioned in this court by an assignment that the court below erred in overruling such motion for a new trial."

After a verdict of a jury, report of referee or master, or decision by the court, a party deeming himself aggrieved is, for certain enumerated causes, allowed by statute, within the time therein limited, an absolute right to file a motion for new trial; and if any of the causes set up are found to be sufficient the statute requires the vacation of the verdict, report or decision and the granting of a new trial. (R. S., Sec. 3746.) The motion must be made at the term the ver-

dict, report or decision is rendered, and, except for the cause
of newly discovered evidence, within ten days after the
rendition of such verdict, report or decision. (R. S., Sec.
3748, as amended by Chap. 66, Laws 1901.) But there is
no provision of statute preventing the entering of judgment
upon a verdict of a jury or the findings of the court before
the expiration of the period for filing motion for new trial,
nor suspending the judgment until the determination of the
motion when filed. And we understand it to be the usual
practice in cases tried by the court without a jury to render
and enter judgment upon the findings immediately, and gen-
erally the same journal entry which records the findings
concludes with the judgment of the court. The statute pro-
vides that when there has been a trial by jury the clerk
must enter judgment in conformity to the verdict, unless
the verdict is special, or the court order the case to be re-
served for future argument or consideration. (R. S., Sec.
3767.) The entry of judgment, however, does not preclude
a party from filing the statutory motion for new trial and
having the same determined.

For most purposes there can be little question about the
date of the rendition of a judgment. Generally, no doubt,
that fact will be determined by the date of the formal entry
of the judgment itself. But the question here is the proper
construction of the statute limiting proceedings in error,
and whether for the purpose of such proceedings the date
of the rendition of a judgment is to be determined accord-
ing to the ordinary rule and upon a strict interpretation of
those words, or whether, where a motion for new trial is
necessary to a consideration of the questions in this court,
the time when the order is made overruling the motion is
to be regarded as the date of rendition from which the
period prescribed for commencing proceedings in error
will run.

In several of the states, where a motion for new trial is
held to be essential to a review of questions that are proper
to be presented to the trial court by such a motion, it is

held that the limitation upon the time for appeal runs from the overruling of the motion, although the statute designates the date of the rendition of the judgment as the commencement of the period of limitation. (N. Y., Chi. & St. Louis R. R. Co. v. Doane, 105 Ind., 92; Florence Cotton & Iron Co. v. Field, 104 Ala., 471; Sharp v. Brown, 34 Neb., 406; Northwestern Mut. L. Ins. Co. v. Barbour, 96 Ky., 128; Pearce v. Strickler (N. Mex.), 49 Pac., 727; Doorley v. Buford & George Mfg. Co. (Okla.), 49 Pac., 936; Watson v. Mayberry, 15 Utah, 265 (49 Pac., 479); Snow v. Rich (Utah), 61 Pac., 336; Scott v. Scott, 44 Mo. App., 600; Childs v. Kansas City, &c., R. R. Co., 117 Mo., 414; Walter v. Scofield, 167 Mo., 537.) The Nebraska case above cited overruled a previous decision to the contrary, which had cited and approved the Missouri case of Ham v. St. Louis Public Schools, 34 Mo., 181, holding that writs of error must be brought within the prescribed period from the date of the rendition of the judgment, without regard to the motion for new trial. The Missouri courts soon departed from the reasoning and authority of that case, and have in effect if not directly overruled it. (Walter v. Scofield, *supra.*)

In Washington, although a motion for new trial is not necessary for a review of questions once passed upon by the trial court, but such a motion is permitted by statute, and its filing suspends execution, it is held that the time for taking an appeal begins to run from the date of the order denying the motion, notwithstanding that the statute limits the time to ninety days from the entry of final judgment. (State ex rel. v. Chapman (Wash.), 76 Pac., 525.) And proceedings taken before the determination of a pending motion have been held premature. (Inman et al. v. Estes, 104 Ga., 645; Colchen v. Ninde, 120 Ind., 88.)

The cases above referred to proceed upon the theory that a pending motion for a new trial, seasonably filed, keeps the cause in the trial court, and so long as it remains undisposed of, the judgment is not final within the meaning of the statutes regulating appeals. (See 2 Thompson

on Trials, Sec. 2730.)   And that view is also adopted in the federal courts.

The code defines a judgment as the final determination of the rights of the parties in action; and a direction of the court or judge, made or entered in writing, and not included in a judgment, is an order.   (R. S., Sec. 3751.)   The code further provides that a judgment rendered or final order made by the District Court may be reversed, vacated or modified by the Supreme Court for errors appearing on the record.   (R. S., Sec. 4249.)   And in prescribing what *orders* may be vacated, modified or reversed, it is provided that "an order affecting a substantial right in an action, when such order determines the action and prevents a judgment, and an order affecting a substantial right, made in a special proceeding, or upon a summary application in an action, after judgment, is a final order which may be vacated, modified or reversed."

A judgment which this court is authorized to review on error is clearly that judicial act which the statute defines as a judgment, viz: "the final determination of the rights of the parties in action."   And we think it equally clear that the statute fixing the date of the rendition of the judgment as the commencement of the period of limitation for prosecuting proceedings in error refers to a judgment that has become final for the purpose of instituting such proceedings.   The evident purpose and intent of the statute is to allow one year from the time that a party may rightfully commence proceedings in this court for the correction of the errors complained of.   It is unreasonable to presume that the Legislature intended the period of limitation to begin while the questions to be presented remain within the breast of the trial court and before the party is in a position to demand a review in the appellate tribunal; in other words, before the cause of action in this court accrues.   As to those matters not requiring the consideration of the trial court upon a motion for new trial as a condition precedent to consideration in this court, the judgment will doubtless

become final when it is in fact rendered or formally re-
corded. But so far as the filing and determination of a
motion for a new trial is necessary to a review in this
court, whenever such a motion is properly and seasonably
filed, the character of finality will not attach to the judg-
ment, for the purpose of review on error, until the court
shall order the overruling of the motion. The denial of
the motion for new trial is assigned as one of the grounds
of error in this cause, and the motion, which we have ex-
amined, presented some questions at least properly assign-
able in such a motion, and which could not have been con-
sidered in this court except they had been so presented to
the court below. The proceeding in error having been
commenced within one year from the order overruling the
motion for new trial was, therefore, commenced in time to
authorize a review of the alleged errors properly involved
in a determination of the motion for a new trial.

It was urged on argument that the last clause of the
section allowing an extension of time should be consid-
ered as showing an intention that the date of the actual
rendition of the judgment independent of the motion for
new trial was referred to. But we are unable to adopt
that view. It is possible that other matters than a hearing
upon and determination of the motion might delay the in-
stitution of proceedings in error; and we observe nothing
in the clause to warrant the presumption that it was in-
serted merely or even chiefly to overcome the difficulty of
delays in the determination of the motion.

We are not unmindful of the decision of the Territorial
Supreme Court in the case of Snyder v. James, 2 Wyo.,
250. The question seems to have been presented in that
case, but the view we have taken of the statute does not
appear to have been considered by the court. It was there
held that a subsequent order reciting an agreement to a
reduction of the judgment, and, modifying it accordingly,
did not change the date of rendition so as to extend the
time for instituting proceedings in error. Mr. Justice Peck

filed a dissenting opinion, ·which was not reported. The effect of the motion for new trial and the necessity of such a motion for the purpose of entitling the aggrieved party to a review of the judgment upon the points involved in the motion seems not to have ·been discussed in either opinion. · If the case is to be regarded as differently deciding the precise question here presented, we are nevertheless constrained to adopt the conclusion we have announced, which we believe the more reasonable and.has the support of the great weight of more recent authority under similar codes and practice.

Motion to dismiss denied.

CORN, C. J., and KNIGHT, J., concur.