LOUISIANA McNEILL, Plaintiff in Error, v.
TURQUILL McNEILL, Defendant in Error.

**Springfield Court of Appeals, December 11, 1913.**

DIVORCE: Writ of Error: Sued out, When. In a divorce suit a
   writ of error must be sued out, if at all, within sixty days after
   the judgment is rendered.   [Citing Sec. 2380, R. S. 1909.]

Error to Dent County Circuit Court.—*Hon. L. B.
Woodside,* Judge.

WRIT DISMISSED.

*G. C. Dalton* and *A. J. Arthur* for plaintiff in error.

In the case at bar the plaintiff in error had one
year in which to prosecute her writ of error to this
court. Sec. 2380, R. S. 1909, expressly provides that it
applies only to cases arising under the article in which
said section is contained. That section is in Art. 3,
Chap. 22, R. S. 1909.

*Lawrence T. McGee* and *Eugene W. Bennett* for
defendant in error.

Respondent's motion to dismiss this writ of error
should be sustained for the reason that it was not is-
sued within sixty days after the judgment. No final
judgment or order rendered in a divorce proceeding
shall be reversed, annulled, or modified in the supreme
or any other court, by writ of error, unless such writ
of error shall have been issued within sixty days after
the order was made or judgment was rendered. Sec.
2380, R. S. 1909; Allen v. Allen, 64 Mo. App. 417;
Judge v. Judge, 38 Mo. 159; State ex rel. v. Smith, 104
Mo. 419.

PER CURIAM.—The plaintiff in error in this proceeding complains of a judgment rendered by the circuit court of Dent county on August 27, 1912, in a divorce suit.

Our records show that the application for a writ of error was filed in the office of the clerk of this court on October 28, 1912, but the application was not sworn to until January 27, 1913. The cause was continued by agreement of parties to the present term of this court. Defendant in error now moves the court to dismiss the writ of error for the reason that it appears of record herein that from the date of the rendition of the judgment in the circuit court until the date the application for the writ of error was filed, more than sixty days elapsed. The judgment, having been rendered on August 27, 1912, in a divorce proceeding, cannot be inquired into by a writ of error applied for more than sixty days thereafter. The plaintiff in error should have applied for the writ on or before October 26, 1912. (The abstract furnished by plaintiff in error does not show that a motion for a new trial was filed in the circuit court.) Not having made her application until October 28, 1912, she was two days in default under section 2380, Revised Statutes 1909, which provides for writs of error that have for their object the reversal, annulment or modification of a final judgment or order in a divorce proceeding. It has been held a number of times that in a divorce suit a writ of error must be sued out, if at all, within sixty days after the judgment is rendered. [Judge v. Judge, 38 Mo. 159; Allen v. Allen, 64 Mo. App. 417; Scott v. Scott, 44 Mo. App. 600.] Under the statute, therefore, this writ of error must necessarily be dismissed without any consideration of the questions of alleged error arising upon the action of the circuit court.