Hollenbeck v. Tarkington.

JOHN HOLLENBECK, PLAINTIFF IN ERROR, V. ELIZA K. TARKINGTON, DEFENDANT IN ERROR.

1. **Practice:** MOTION TO DISMISS PROCEEDINGS IN ERROR. A motion to dismiss proceedings in error will not be sustained on the ground that the motion for a new trial was not made within the time limited by the statute. Nor will it for the reason that the bill of exceptions was not settled within the statutory time.

2. **Limitation:** PROCEEDINGS IN ERROR. Proceedings in error in the supreme court must be commenced within one year from the date of the rendition of the judgment complained of, without regard to the time when the motion for a new trial was decided.

MOTION to dismiss petition in error.

*W. J. Connell,* for the motion.

*O. H. Ballou, C. H. Brown* and *E. M. Bartlett, contra.*

LAKE, CH. J.

This case is a proceeding in error brought to reverse a judgment of the district court of Douglas county, which was rendered April 2d, 1880. The petition in error was filed August 19th, 1881. A motion is now interposed by the defendant in error to dismiss the petition on three distinct grounds. *First.* Because the motion for a new trial was not filed within the time limited by the statute. *Second.* Because the bill of exceptions was not settled within the statutory time. *Third.* Because the proceeding in error was not commenced within one year after the judgment which it is sought to have reversed was rendered.

As to the first two grounds we will only say that while they might be very good reasons for simply quashing the bill of exceptions relative to the trial, we have not hitherto gone so far as to hold them sufficient to warrant us in dismissing the case. Although a bill of exceptions may pos-

sibly embody all of the grounds on which a reversal of the judgment is sought, and but for which there would necessarily be an affirmance, still we regard it as the better practice, where it is desired to raise the question of its validity, to do so by a motion to quash. By pursuing this course we are relieved of the duty of examining the record to ascertain whether it may not present, as records not unfrequently do, other questions for consideration than those depending on the bill of exceptions. The motion, therefore, will not be sustained upon either of the first two grounds.

The third ground or reason assigned for the motion is based upon sec. 592 of the code of civil procedure, which provides that: "No proceedings for reversing, vacating, or modifying judgments or final orders shall be commenced unless within one year after the rendition of the judgment or making of the final order complained of," etc. This section is, doubtless, applicable here. And the supreme court of Ohio, in considering a similar provision of the code of that state, by which the time for commencing proceedings in error was limited to three years, held it to be mandatory. *The Schooner Marinda v. Dowlin*, 4 Ohio State, 500.

But it is urged by counsel for the plaintiff in error that, inasmuch as the motion for a new trial was not filed until after the rendition of the judgment, and several months elapsed before it was finally ruled upon, the time of the limitation did not commence to run until the order overruling the motion was made. And this view we were disposed to adopt if it could have been done with due regard to the section of the statute from which we have quoted.

We are not aware that this precise question has been considered in Ohio, from whence our code was directly borrowed. But we find that the supreme court of Missouri has. In the case of *Ham v. St. Louis Public Schools*, 34 Mo., 181, the very question here presented, under a

similar provision of statute, was decided, but, as appears by a divided court, and it was held "that the time within which the writ of error may be brought should date from the day of the rendering of the judgment, without regard to the motion for a new trial." We take this to be a correct view of the effect of the statute, and must so hold in this case. The fact that the counsel for the defendant in error stipulated for a continuance of the case cannot change the result. By that act he only assented to a postponement of the hearing of whatever questions might be properly before the court, and it could not have the effect of waiving the question of jurisdiction over the subject matter of the proceeding.

MOTION SUSTAINED.