Clark v. Morgan & Co.

THOMAS CLARK, PLAINTIFF IN ERROR, v. D. S. MORGAN & CO., DEFENDANTS IN ERROR.

| 21 | 673 |
| 51 | 761 |
| 52 | 675 |
| 54 | 797 |

1. **Practice in Supreme Court:** JURISDICTION. Where judgment was rendered November 5th, 1885, and a petition in error was filed in the supreme court December 24th, 1886, a motion to dismiss for want of jurisdiction was sustained, the petition in error being filed more than one year after the rendition of final judgment by the district court.

43

2.    ———: ———: STIPULATION. Prior to the expiration of the time within which a proceeding in error might be instituted in the supreme court, the defendants in error stipulated with plaintiff in error, waiving the issuance and service of summons in error, and agreeing that the cause might be heard at a term then in session. It was held that such waiver and stipulation did not give authority to plaintiff in error to commence the action after the expiration of the time fixed by statute, and after the final adjournment of the term at which it was agreed the cause should be submitted.

ERROR to the district court for Red Willow county. Tried below before GASLIN, J.

*J. Byron Jennings,* for plaintiff in error.

*John Dawson,* for defendant in error.

REESE, J.

This cause is submitted upon a motion to dismiss. Subject to this, it is submitted generally. Our first inquiry must, therefore, be directed to the questions presented by the motion.

It appears from the record that final judgment was rendered in the district court on the 5th day of November, 1885. The petition in error and transcript were filed in the supreme court on the 24th day of December, 1886.

Section 592 of the civil code, in so far as it is applicable to this cause, is as follows:

"No proceedings for reversing, vacating, or modifying judgments or final orders shall be commenced unless within one year after the rendition of the judgment, or making of the final order complained of."

As the petition in error and transcript were not filed until after the expiration of the time fixed by law within which the proceeding might be commenced, the objection is well taken. *French v. English,* 7 Neb., 124.

A stipulation was entered into between the parties prior

to the commencement of the proceedings in error, by which the issuance and service of summons was waived by defendants in error, and it was agreed that the cause should be docketed and heard during the week assigned to the eighth judicial district in the January term, 1886; but as the cause was not filed until after the final adjournment of both that term and the next, the stipulation could only be held to be a waiver of the issuance and service of summons, and not as authority for the commencement of the action after the statutory bar had fully accrued.

The motion is sustained and the proceeding dismissed.

JUDGMENT ACCORDINGLY.

THE other judges concur.