ELIZA K. TARKINGTON v. HARVEY LINK.

[FILED NOVEMBER 12, 1889.]

1. **Ejectment**: PARTIES. In an action of ejectment to recover the possession of real estate all occupants of the premises must be made defendants, to be concluded by the judgment unless some of such occupants are so in privity with one or more co-defendants that a judgment against such co-defendant will be conclusive upon them.

2. ———: EVIDENCE: INJUNCTION. A recovered judgment in ejectment against B for the possession of certain real estate and thereupon caused a writ of restitution to be issued against B & C; C thereupon filed a petition in the case, in which he alleged in substance that he was in possession of the premises adversely to the plaintiff when the action was brought but was not made a party defendant, and that he was still in possession, and asking the court to restrain the plaintiff from ousting him from the estate. *Held*, That the proof sustained the finding of the court below in favor of the injunction, and that C could not be divested of his possession without a trial, and judgment to that effect.

ERROR to the district court for Douglas county. Tried below before WAKELEY, J.

*W. J. Connell*, for plaintiff in error.

*James W. Savage*, for defendant in error.

MAXWELL, J.

Prior to the year 1883 the plaintiff recovered a judgment in ejectment for the possession of certain real estate in Douglas county. The case was brought on error into this court, where on motion the proceedings in error were dismissed. (*Hollenbeck v. Tarkington*, 14 Neb., 430.) Upon the issuing of a mandate to the district court a writ of restitution was duly issued by that court against Hollenbeck and one Link, who was not made a defendant, and

placed in the hands of the sheriff of that county. Thereupon Link filed a petition to intervene in the case, as follows:

"Harvey Link, being duly sworn, says that the decree heretofore made in this case was affirmed by the supreme court, and upon the filing of the mandate in this court a writ of restitution has been directed to the sheriff of this county; that under said writ the said sheriff now proposes and threatens to evict this deponent from the premises in the petition in this cause described.

"And deponent further says that he is the owner and entitled to the possession of the said premises; that he was not a party to the above suit and his title was not adjudicated therein; that he has had possession of said premises ever since the 13th day of June, 1870; that his title is in no way derived from the said Hollenbeck, and his possession of the said premises has been alike adverse to the plaintiff and the said defendant; that his possession has been absolutely without collusion with said Hollenbeck, or with any of his attorneys in any way, directly or indirectly; that in case the sheriff shall evict him from said premises, he will be deprived of his day in court and have no opportunity to maintain his title.

"And deponent, in support of his allegations above made, refers to the various deeds on record in this county and the proceedings of this court."

This was supported by a large number of affidavits in favor of and against said application, and on the hearing on the 20th day of August, 1887, the court made an order denying the petition of said Link. Afterwards a motion to reopen, vacate, and set aside the order was sustained, and on the 21st day of April, 1888, the court entered an order as follows:

"On this day came on to be heard the motion of Harvey Link, that the order in the above entitled cause, made on the 20th day of August, 1887, be set aside, the same having been heretofore argued and taken under advisement.

"Whereupon it is now ordered that said motion be sustained and that the said order be and hereby is set aside and vacated, to which the plaintiff excepts.

"And it is further ordered that the said plaintiff have until Saturday morning next to file affidavits in reply to those filed by said Link herein; and that the motion of the plaintiff filed June 16, 1887, to vacate the restraining order made by Judge Neville, may be heard during this term of court by consent, or upon twenty-four hours' actual notice by either party, to which orders, and each thereof, the said plaintiff excepts.

"It is further ordered that said plaintiff have forty days from the final adjournment of the present term of this court, within which to prepare a bill of exceptions."

There is a sharp conflict in the affidavits in the case upon the question of the date of possession of Harvey Link. The affidavits filed on his behalf show that he was in possession of the premises before and at the time the action was brought, while those filed on behalf of the plaintiff in error assert that such possession was taken while the action was pending. This being the state of the proof, it is impossible for this court to say that the court below erred in sustaining the injunction. In our view, however, the holding of the court is in accord with the weight of the evidence.

The question is one proper to submit to a jury to determine all the facts of the case under instructions of the court.

In ejectment, the general rule is that all parties in possession of the land must be joined as defendants, in order that the judgment may be conclusive upon all. If this were not so, a party claiming the title to land might join as defendant one who as against him possessed no right whatever, and upon recovering judgment against such person proceed to oust others whose title was superior to his. This the law will not permit. Every person, before he can be divested of a right, must have his day in court.

No person can be condemned unheard, or his property taken from him without making him a party to the action. Therefore, in an action of ejectment, when a party is in possession of the premises when the action is brought, he must be made a party or he will not be bound by the judgment unless he is so in privity with a co-defendant that a judgment against his co-defendant will be conclusive on him. This does not appear to be the case here. The plaintiff was not entitled to a writ of restitution against Link, but should restrict the same to the defendant in the ejectment proceedings. The injunction in the case, however, will not prevent the plaintiff herein from bringing an action of ejectment against Link and submitting all the facts as to the possession of the parties to a jury and procuring, if he can, a judgment for the possession of the premises. There is no error in the record and the judgment is affirmed.

JUDGMENT AFFIRMED.

THE other Judges concur.