E. P. ALLIS v. HENRY NEWMAN.

[FILED MARCH 25, 1890.]

**Bills of Exceptions:** MISTAKE: LOSS: FAILURE TO FILE IN TIME: ALLOWANCE FOR. A bill of exceptions was duly presented to the judge before whom the case was tried, and as no objections or amendments were offered thereto, and he was about to hold court in the county where the case had been tried, he carried the bill with him, and on arriving at the court room signed the same and left it on the lawyers' table therein, one end of which seemed to be occupied with papers and records. One of the appellant's attorneys coming into court, the judge stated to him that he had signed the bill and left it on the table. The attorney, however, made oath that he did not understand the judge and did not know that the bill had been signed and returned. The bill was removed by some one and placed among the clerk's papers and was covered up and found months afterwards by him, after diligent search. On a motion being filed to dismiss the appeal because not taken in six months, *held*, that the judge, by signing the bill and leaving it where he did, evidently intended to place it in the care of the clerk, but in the multifarious duties of that officer at the opening of the term he had failed to file and take charge of the same, and that, therefore, the time while the bill was thus mislaid would be deducted from the time intervening between the rendition of the judgment and the filing of the transcript in the supreme court.

MOTION to dismiss.

*R. S. Norval,* and *A. W. Agee,* for the motion.

*J. H. Smith,* and *Hainer & Kellogg, contra.*

MAXWELL, J.

This case is submitted to the court on a motion to dismiss the appeal for the reason that the same was not filed in this court within six months after the rendition of the judgment. The failure to file the transcript in this court within six months from the time the judgment was rendered is admitted, but as an excuse for such failure the appellants allege that without fault on their part the bill was mislaid, and that as soon as the same was discovered it was filed in this court.

A large number of affidavits are filed in the case, from which it appears that the bill of exceptions was duly prepared and presented to the judge before whom the case was tried, and as no objections or amendments were offered to the proposed bill, and as he was about to go to Aurora, Hamilton county, to hold court, he carried the proposed bill with him, and on arriving at Aurora signed the same and left it on the lawyer's table in the court room. Afterwards, when one of the appellant's attorneys came into the court room the judge called his attention to the fact that he had signed the bill and that it was then lying on the table. The appellant's attorney, however, denies that he understood the language of the judge or that he knew that the bill had been signed and returned. How the table spoken of is connected with the clerk's desk is not shown, but it is apparent from some of the affidavits before us that on one end of this table papers in certain cases were kept, and perhaps records. In some way that does not appear, but probably through the action of the sheriff or clerk, the bill in question was moved to that end of the table devoted to papers and records and the bill there seems to have been partially or wholly covered up by other cases, the clerk apparently not being aware that the bill was in his possession. After considerable delay and correspondence in regard to the bill, the clerk made a thor-

ough search of his office and found the bill as above set forth. From the evidence before us it is evident that the judge, on signing the bill, intended to place the same in the care of the clerk of the court, but that in the multifarious duties incident to the opening of a term the clerk neglected to take charge of the bill and file the same in his office. The fault, therefore, was that of an officer of the court, and a party will not be permitted to suffer from his default. The time while the bill was thus mislaid, therefore, will be deducted from the whole time from the rendition of the judgment to the filing of the transcript in this court, and such deduction being made, the transcript was filed within six months after the rendition of the judgment. The motion is therefore overruled.

MOTION OVERRULED.

THE other judges concur.