PHENIX INS. CO. OF BROOKLYN V. JACOB SWANT-KOWSKI.

[FILED JANUARY 20, 1891.]

Error Proceedings: LIMITATION: STARE DECISIS. Following *Hollenbeck v. Tarkington*, 14 Neb., 430, it was *held*, that proceedings in error must be commenced in the supreme court within one year from the date of the rendition of the judgment sought to be reversed, without regard to the time when the motion for a new trial was passed upon.

MOTION for rehearing.

*T. R. Wallace*, and *Fawcett & Sturdevant*, for the motion:

A motion for a new trial and ruling thereon is necessary before error proceedings can be prosecuted. (*Hull v. Miller*, 6 Neb., 128; *Lichty v. Clark*, 10 Id., 475; *Kepner v. Sniveley*, 19 O., 296; *Hutchinson v. Eaton*, 9 Wis., 205; *N. Y., etc. R. Co. v. Doane*, 105 Ind., 92; *Colchin v. Ninde*, 22 N. E. Rep., 94; *Bills v. Stanton*, 69 Ill., 51 and 55; *Nimmo v. Kuykendall*, 85 Ill., 476; *Hearson v. Grandine*, 87 Id., 115 and 121; *Hibbard v. Mueller*, 86 Id., 258, 259; *People v. Gary*, 105 Ill., 269, 270; *Taylor v. Fitch*,

12 O. St., 179; *Iler v. Darnell*, 5 Neb., 193.) There is nothing to prevent the the court from holding the motion under advisement for a year (*Wiley v. Shars*, 21 Neb., 715); in which case the right of appeal would be entirely cut off. As to what is a final order or judgment: Code, secs. 314, 316, 320, 578, 581, 584, 592. There was no final order in this case until the motion for a new trial was determined. (*Iler v. Darnell*, 5 Neb., 193; *Hearson v. Grandine*, and other cases cited above.)

NORVAL, J.

This case was submitted at the last term on the motion of the defendant in error to dismiss the petition in error because the same was not filed within one year from the date of the rendition of the judgment in the district court. The motion was sustained but no opinion was written. Subsequently an application for a rehearing was made.

The record shows that the case was tried to the court without the intervention of a jury, with finding and judgment against the insurance company, on the 27th day of May, 1889, and on the following day it filed a motion for a new trial, which was on the same day overruled by the court. A transcript of the judgment and the petition in error were filed in the supreme court on the 28th day of May, 1890.

Section 592 of Code of Civil Procedure is as follows: "No proceedings for reversing, vacating, or modifying judgments or final orders shall be commenced unless within one year after the rendition of the judgment or making the final order complained of," etc. It is conceded that the proceedings were commenced in this court one day too late, if the limitation commenced to run from the date of the rendition of the judgment. It is contended that proceedings in error may be commenced in the supreme court within one year from the date of the overruling of a motion for a new trial.

This question was considered and decided at the July term, 1883, in *Hollenbeck v. Tarkington*, 14 Neb., 430. In that case it was held, in an opinion written by the then Chief Justice LAKE, that the limitation commenced to run from the date of the rendition of the judgment, without regard to the time when the motion for a new trial was passed upon. We are asked to overrule that decision. We have carefully considered the argument of counsel for plaintiff in error, as well as the authorities cited in the brief, and were the question before us for the first time we would be inclined to hold that the overruling of a motion for a new trial is a final order within the meaning of section 592 of the Code, and that the statute began to run from the time such order is entered; but the construction placed upon the section by the court in *Hollenbeck v. Tarkington, supra,* having stood unchallenged for so many years, we are all of the opinion that we should not now adopt a construction opposite from that acquiesced in by the bar so long. A rehearing is

DENIED.

THE other judges concur.