(February 23, 1892.)

## MAHONEY v. MARSHALL ET AL.

[29 Pac. 110.]

FILING TRANSCRIPT—DISMISSAL OF APPEAL—LACHES.—1. Time for filing transcript expired November 19, 1891. On January 16, 1892, respondent moved to dismiss appeal, no transcript having been filed.

LACHES.—2. No sufficient cause being shown to excuse laches of appellant, motion allowed.

(Syllabus by the court.)

APPEAL from District Court, Cassia County.

Hawley & Reeves, for Appellants.

J. Brumback and Charles Cobb, for Respondent.

No briefs filed on motion to dismiss.

HUSTON, J.—The motion to dismiss the appeal in this case is based upon the provisions of paragraph 7 of rule 4 of the rules of this court, and the noncompliance by appellant therewith. Appellant meets this motion with an application to the court to extend the time for filing transcript, thus, as it were, admitting the case made by respondents, and seeking to avoid the consequences by appealing to the provisions of paragraph 9 of rule 4. Judgment was rendered February 28, 1891. Notice of appeal was served and filed March 9, 1891, undertaking on appeal filed March 13, 1891, statement on appeal settled and allowed by the judge of district court September 15, 1891, and filed with the clerk on September 19, 1891.

Under the rules of this court the time for filing transcript on appeal herein expired on November 19, 1891. On January 16, 1892, respondents moved this court for leave to place the case upon the calendar, and then moved to dismiss the appeal on the ground that no transcript has ever been filed. Affidavits are presented by appellant in support of his request for further time within which to file transcript, and in excuse for his delay and apparent laches. These are met by counter-affidavits on the part of the respondents, specifically and unequivocally denying the statements made in the affidavits on the part of the appellant. It is impossible for this court to say which are true and which are false. One fact, however, is undenied—that the attorney for the respondents, as soon as the statement on appeal was filed in the clerk's office, immediately sent written notice of the fact to the attorneys of appellant. The laches of the appellant in this case are too palpable to be overlooked. The rules of the court, while subject to modification when the promotion of justice demands it, must not be considered as mere scarecrows of the law. The proposition of counsel that the rules of the court are in contravention of, or in any way inconsistent with, the statutes, is simply idle. The motion to dismiss the appeal is allowed, with costs.

Sullivan, C. J., and Morgan, J., concur.