(November 18, 1892.)

### WESTHEIMER ET AL. *v.* THOMPSON ET AL.

[31 Pac. 797.]

FILING TRANSCRIPT—EXCUSED IF THROUGH FAULT OF OFFICER OF COURT.—Failure to file transcript within the time prescribed by the rules of the court is ground for dismissal of appeal; but such failure may be excused for cause shown. Parties litigant should not be made to suffer through the default of an officer of the court when due diligence is shown.

(Syllabus by the court.)

APPEAL from District Court, Elmore County.

W. C. Howie, for Appellants.

Hawley & Reeves and Charles H. Reed, for Respondents.

The omission of serving the notice of appeal on the clerk within the time limited therefor cannot be rectified. (3 Estee's Pleading and Practice, sec. 4999; *Ellsworth v. Fulton,* 24 How. Pr. 20; *People v. Eldridge,* 7 How. Pr. 108.)

HUSTON, J.—The respondent moves the dismissal of the appeal in this case upon the ground that the transcript has not been filed in accordance with rule 4 of the rules of this court. Paragraph 7 of rule 4 provides that, "in all cases where the transcript is required to be printed by the first paragraph of this rule, the appellant or plaintiff in error shall, within sixty

days after the appeal is perfected or the writ of error issued, and the bill of exceptions and statement (if there be any) are settled, serve and file a printed (and, in cases where the transcript is not printed, shall file a written) transcript of the record, duly certified to be correct by the attorneys of the respective parties, or by the clerk of the court from which the appeal is taken." Rule 2 provides: "If the transcript of the record is not filed within the time prescribed by rule 4, the appeal or writ of error may be dismissed on motion, without notice, on the first Monday of the term during which the cause is subject to call. A cause so dismissed may be restored during the same term, upon good cause shown, on notice to the opposite party." It seems in this case the appeal was regularly taken by filing and serving notice of appeal, and by filing the required undertaking; the bill of exceptions was prepared in due time, and forwarded to the district judge who tried the case, who duly settled and allowed the same, and returned it to the clerk of his court; that the attorney of the appellant frequently called upon the clerk to ascertain if the bill of exceptions had been allowed or returned by the judge, and was on each occasion informed by the clerk that it had not; that he never learned the contrary until October 20th, when, upon an examination of the files in the case in the office of the clerk of the district court, he discovered the bill of exceptions, with the allowance of the district judge indorsed thereon, dated July ——; that he at once filed his *praecipe* for a transcript with the clerk of the district court, and had the same printed as speedily as possible, but, owing to apparently unavoidable delays, was unable to have the same ready for filing and service until the fourteenth day of November, the first day of the present term. In a case similar to that under consideration, and arising under rules almost identical with those of this court, the supreme court of Nebraska (*Allis v. Newman,* 29 Neb. 207, 45 N. W. 621) uses the following language: "Where the judge signing a bill of exceptions left it at the courthouse, among other papers and records which he supposed were to be filed, thereby evidently intending to place it in the care of the clerk, but the latter failed to file and take charge of it, the time while the bill was mislaid will be deducted from the time intervening between the

rendition of the judgment and the filing of the transcript." In the same case the court says: "The fault, therefore, was that of an officer of the court, and a party will not be permitted to suffer from his default." With the views of the supreme court of Nebraska, as expressed above, this court is in full accord. A rule, or the construction of a rule, which would deprive a party of his right of appeal by reason of the default of an officer of the court solely, would be more than inequitable; it would be arbitrary, tyrannical and unjust, and might be destructive of the end for which courts are established and maintained—the administration of the law in justice. Our attention is called by counsel to the decision of this court in the case of *Mahoney v. Marshall*, ante, p. 343, 29 Pac. 110. The facts in that case were entirely different from those in the case at bar, as will be readily seen from an examination of the decision of this court therein. In that case "judgment was rendered February 28, 1891, notice of appeal was served and filed March 9, 1891, undertaking on appeal was filed March 13, 1891, statement on appeal settled and allowed by the judge of the district court September 15, 1891, and filed with the clerk on September 19, 1891." Motion to dismiss the appeal was made on January, 1892, on the ground that no transcript had ever been filed. The court further says in that case: "Affidavits are presented by appellant in support of his request for further time within which to file transcript, and in excuse for his delay and apparent laches. These are met by counter-affidavits on the part of the respondents, specifically and unequivocally denying the statements made in the affidavits on the part of the appellant. It is impossible for this court to say which are true, and which are false. One fact, however, is undenied—that the attorney for the respondents, as soon as the statement on appeal was filed in the clerk's office, immediately sent written notice of the fact to the attorneys of the appellant." A very cursory examination and comparison of the facts in *Mahoney v. Marshall* and those in the case at bar will dispel any idea that the cases are parallel, or that there is any conflict in the decisions in the two cases. Under statutes and rules similar to ours it has been uniformly held that, while failure to file the transcript within the specified time is ground for dismissal of the appeal, the de-

lay may be excused. Each case must, therefore, depend upon the facts shown to establish the excuse for delay. (2 Hayne on New Trial and Appeal, 820.) We would suggest to counsel that they would save the court some labor if, in presenting motions of this kind, they would take the trouble to furnish the court with briefs of points and authorities relied upon, and not compel the court to do work legitimately belonging to counsel. The motion to dismiss appeal is denied. If, however, the respondent has been delayed in his preparation for the argument, the case will only be heard at this term upon his consent.

Sullivan, C. J., and Morgan, J., concur.