## C. L. STULL v. CASS COUNTY.

FILED JUNE 3, 1897. No. 7228.

1. **Review: LACHES: JURISDICTION.** Where the petition in error and transcript are not filed in this court within one year from the rendition of the judgment or final order complained of, no jurisdiction of the cause is acquired, and the proceeding will be dismissed out of this court.

2. ———: ———: ———. The omission to file in the supreme court the transcript required by law within the statutory period is not excused by the fact that plaintiff in error was unable to obtain a bill of exceptions in time. *Omaha Loan & Trust Co. v. Ayer*, 38 Neb., 891, followed, and *Allis v. Newman*, 29 Neb., 207, disapproved.

ERROR from the district court of Cass county. Tried below before CHAPMAN, J. *Proceeding in error dismissed.*

*Byron Clark*, for plaintiff in error.

*H. D. Travis*, contra.

NORVAL, J.

The county board of Cass county located a highway over and across the lands of C. L. Stull. He presented a

claim for damages in the sum of $650, and upon consideration thereof said board allowed him $200.   He appealed to the district court from the assessment of damages, where, on the 13th day of March, 1893, there was a recovery for $200 and costs.   Subsequently, the county attorney filed a motion to retax the costs, which, on May 6, 1893, was sustained, and all the costs were taxed against Stull, who has brought the record here for review.

The cause must be dismissed for want of jurisdiction, since the petition in error and transcript were not filed with the clerk of this court until September 19, 1894, which was more than a year after the overruling of the motion for a new trial and the entry of judgment on the verdict, and more than a year subsequent to the order made by the court below retaxing the costs.   (Code, sec. 592; *French v. English*, 7 Neb., 124; *Clark v. Morgan*, 21 Neb., 673; *Patterson v. Woodland*, 28 Neb., 250; *Benson v. Michael*, 29 Neb., 131; *Sharp v. Brown*, 34 Neb., 406.)   It is disclosed that on the 6th day of April, 1894, the parties entered into a stipulation in writing, signed by their attorneys, and attached the same to the original bill of exceptions in the cause, whereby "all objections as to service of this bill of exceptions out of time and filing of same in supreme court after one year since trial of case are waived, as court reporter was unable to furnish it in time for regular service and filing in supreme court in the time required, and at time of service was mislaid by the county attorney and found today."   The foregoing did not excuse the failure to file a certified transcript of the pleadings and judgment within the statutory period, since it only purported to waive the filing of the bill of exceptions out of time.   Moreover, jurisdiction of the subject-matter cannot be conferred by the stipulation or agreement of parties.   The statute is mandatory as regards the time of taking appeals and proceedings in error, and the time for doing so cannot be extended by agreement of parties. The fact that the bill of exceptions could not be obtained for filing in this court within one year after the rendition

of the judgment did not relieve plaintiff of the necessity of having a transcript of the record, or so much as was. obtainable, filed in this court and the cause docketed. We are aware that this statement is opposed to *Allis v. Newman,* 29 Neb., 207, but the decision therein is in conflict with the numerous adjudications of this court in other cases. (See *Sturtevant v. Wincland,* 22 Neb., 702; *Schuyler v. Hanna,* 28 Neb., 601; *Omaha Loan & Trust Co. v. Ayer,* 38 Neb., 891; *Fitzgerald v. Brandt,* 36 Neb., 683; *Moore v. Waterman,* 40 Neb., 498; *Record v. Butters,* 42 Neb., 786; *Renard v. Thomas,* 50 Neb., 398.) The decisions in these cases are followed, and that in *Allis v. Newman, supra,* disapproved. Proceeding in error

DISMISSED.