TOOTLE, HOSEA & CO. ET AL. V. ROBERT E. SHIREY.

FILED NOVEMBER 18, 1897. No. 7584.

Time to Appeal: WAIVER OF DELAY. By section 592, Code of Civil Procedure, the jurisdiction of the supreme court is made dependent upon the commencement of error proceedings therein within one year after the date of the judgment sought to be reversed, and a waiver by consent is not effective to enlarge the time thus limited by statute.

ERROR from the district court of Webster county. Tried below before GASLIN, J. *Proceeding in error dismissed.*

*George W. Barker, J. S. Gilham,* and *W. K. James,* for plaintiffs in error.

*James McNeny, contra.*

Ryan, C.

The petition in error in this case was filed in this court March 15, 1895, together with a transcript of the proceedings of the district court of Webster county. This petition in error correctly recites that the judgment sought to be reversed was rendered October 15, 1891. The interval between the rendition of the judgment and the filing of the petition in error and transcript in this court was therefore three years and five months. The filing was therefore too late. (*Hollenbeck v. Tarkington,* 14 Neb., 430; *Phenix Ins. Co. v. Swantkowski,* 31 Neb., 245; *Chapman v. Allen,* 33 Neb., 129; *Sturtevant v. Wineland,* 22 Neb., 702; *Clark v. Morgan,* 21 Neb., 673; *Benson v. Michael,* 29 Neb., 131; *Patterson v. Woodland,* 28 Neb., 250; *Stull v. Cass County,* 51 Neb., 760.)

It seems that parties stipulated that, to subserve their own convenience, the record should be retained in Red Cloud until submission and that, meantime, such record should be regarded as having been filed. In so far as this is applicable to the facts of this case the provisions of section 592 of the Code of Civil Procedure, upon which depends the jurisdiction of this court, are as follows: "No proceedings for reversing, vacating, or modifying judgments or final orders shall be commenced unless within one year after the rendition of the judgment or making of the final order complained of." It is very clear that this express limitation of time cannot be enlarged by stipulation, for this would be violative of the rule that a waiver by consent cannot confer upon an appellate court jurisdiction of the subject-matter. (*Brondberg v. Babbott,* 14 Neb., 517; *Union P. R. Co. v. Ogilvy,* 18 Neb., 638.) The error proceedings are therefore

Dismissed.