(January 19, 1917.)

## W. OAKLEY STOUT et al., Appellants, v. J. W. CUNNINGHAM et al., Respondents.

### [162 Pac. 000.]

Motion to Dismiss Appeal—Extension of Time to File Transcript—Jurisdiction—Court Rules and Statutes—Laches of Attorney.

1. Jurisdiction of an appeal is acquired by the supreme court upon the filing of notice of appeal and undertaking within the time prescribed by law. Failure to file and serve the transcript within the time fixed by the rules of this court is not fatal to the jurisdiction.

2. An affidavit in support of a motion for extension of time to file transcript on appeal, which states that appellant's counsel made frequent inquiries of the clerk of the district court as to whether the transcript was ready, and urged him to hasten the preparation thereof, is not sufficient when it affirmatively appears from such affidavit that appellant's time had already expired before the application for extension was made.

3. An order made by a justice of the supreme court for an extension of time in which to file transcript on appeal does not operate to make such extension effective, when the time for filing the transcript had already expired at the time the application was made, where from the showing it affirmatively appears that the appellant failed to use proper diligence in the prosecution of his appeal.

4. It is the duty of the clerk of the district court to prepare and file the transcript of record on appeal within the time fixed by the rules of the supreme court, but it is also the duty of appellant's attorney to use due diligence and all reasonable means within his power to the end that the transcript may be filed within the time allowed under the rules or to procure an extension upon a proper showing before the expiration of such time.

5. *Held*, that it appears from the record due diligence has not been shown in the prosecution of this appeal, and the same must accordingly be dismissed.

APPEAL from the District Court of the Third Judicial District for Ada County. Hon. Charles P. McCarthy, Judge.

Motion to dismiss the appeal for failure to file the transcript of record on appeal within the time prescribed by rules 26 and 28 of the rules of this court.

Richards & Haga and Marvin C. Hix, for Respondents.

The appellate court may have jurisdiction over an appeal, yet if the record is not presented to the court, as required by law, it has no jurisdiction to entertain and determine the appeal. (*Glavin v. Lane,* 29 Mont. 228, 74 Pac. 406.)

An appeal is perfected as soon as the notice of appeal is served and filed, and an undertaking on appeal filed. (*Fischer v. Davis,* 24 Ida. 216, 222, 133 Pac. 910.)

"If the transcript of record is not filed within the time prescribed by Rule 26, the appeal . . . . may be dismissed on motion. . . . . " (*Coon v. Sommercamp,* 26 Ida. 776, 146 Pac. 728; *State v. Jewett,* 27 Ida. 147, 147 Pac. 288; *First Nat. Bank of American Falls v. Shaw,* 24 Ida. 134, 132 Pac. 802.)

The laches of the clerk has been held not to excuse the laches of the appellant. (*Fain v. Southern Ry. Co.,* 130 N. C. 29, 40 S. E. 818; *Redway v. Chapman,* 48 Mo. 218; *Coon v. Sommercamp, supra; Davis v. American Freehold Land Mortg. Co.,* 12 Tex. Civ. App. 37, 33 S. W. 271; *Martin v. Phelps,* 53 Miss. 134.)

While the statute does not expressly limit the time for serving and filing the transcript, yet it has expressly authorized the court to fix such time, and once the time has been fixed by rule of court, it cannot be changed to fit conditions of a particular case. (*State ex rel. Connors v. Foster,* 36 Mont. 278, 92 Pac. 761; *Hanson v. McCue,* 43 Cal. 178; *Murphy v. Gould,* 39 App. D. C. 363; *Talty v. District of Columbia,* 20 App. D. C. 489; *District of Columbia v. Roth,* 18 App. D. C. 547; *Rio Grande Irrigation & Colonization Co. v. Gildersleeve,* 174 U. S. 603, 604, 19 Sup. Ct. 761, 43 L. ed. 1103, 1105; *Magunson v. Billings,* 152 Ind. 177, 52 N. E. 803; *Mahoney v. Marshall,* 3 Ida. 343, 29 Pac. 110; *Cole v. Ryan,* 24 Mont. 122, 60 Pac. 991.)

Once the time for doing an act has expired, the court no longer has any authority or jurisdiction to entertain an application for an extension thereof. (*Wadsworth (Woodsworth) v. Beardsley,* 64 Kan. 885, 67 Pac. 457; 3 Cyc. 120; *Freese v. Freese,* 134 Cal. 48, 49, 66 Pac. 43; *Clark v. Crane,* 57 Cal. 629.)

An order extending the time for doing an act must be made before such time has expired. (*Southern Pacific Co. v. Pender,* 14 Ariz. 573, 134 Pac. 289; *Antis v. Parson,* 40 Okl. 449, 138 Pac. 1020; *West v. Irwin,* 54 Fed. 419, 4 C. C. A. 401; *Butter v. Lamson,* 29 Utah, 439, 82 Pac. 473; *Byrd v. Harrison,* 45 Okl. 142, 145 Pac. 318.)

Wood, Driscoll & Wood, for Appellants.

Jurisdiction of the appellate court does not depend upon the filing of the transcript. It attaches immediately upon the filing of the notice of appeal, and cannot be divested, either by failure to file the transcript or by its subsequent loss. (2 Hayne, New Trial and Appeal, sec. 270, p. 1498; *Westheimer v. Thompson,* 3 Ida. 418, 31 Pac. 797; *Taylor v. McCormick,* 8 Ida. 37, 66 Pac. 805; *Fischer v. Davis,* 24 Ida. 216, 133 Pac. 910; *Estate of Davis,* 151 Cal. 318, 121 Am. St. 105, 86 Pac. 183, 90 Pac. 711; *Robinson v. Robinson,* 158 Cal. 117, 110 Pac. 112; *Chapman v. Bank of California,* 88 Cal. 419, 26 Pac. 608; *Castro v. Breidenbach,* 143 Cal. 335, 76 Pac. 1114; *Curtin v. Ingle,* 9 Cal. App. 241, 98 Pac. 868; *McAvoy v. Jennings (Harkins),* 39 Wash. 109, 81 Pac. 77.)

"Rules of court are but a means to accomplish the ends of justice, and it is always in the power of the court to suspend its own rules or to except a particular case from their operation, whenever the purposes of justice require it." (*Pickett v. Wallace,* 54 Cal. 147.)

"Unavoidable delays in the preparation and printing of transcripts are always accepted as ample excuses for failure to file the same within the prescribed time." (2 Hayne, New Trial and Appeal, 1526.)

No dismissal will be ordered where the transcript is on file at the time the motion to dismiss is made. (4 Corpus Juris,

472; *Jaques v. Board of Suprs.*, 22 Cal. App. 627, 135 Pac. 686; *Gustin v. Jose,* 10 Wash. 217, 38 Pac. 1008; *State v. Wilson,* 7 Wash. 502, 35 Pac. 377; *McNamara v. Crystal Min. Co.*, 23 Wash. 26, 62 Pac. 81; *Prescott v. Puget Sound Bridge & Dredging Co.*, 30 Wash. 158, 70 Pac. 252; *Raymond v. Bales,* 26 Wash. 493, 67 Pac. 269; *Armijo v. Abeytia,* 5 N. M. 533, 25 Pac. 777.)

Such, also, is the uniform rule in the Federal court. (*Kawailani, The,* 128 Fed. 879, 63 C. C. A. 347; *Incorporated Town of Gilman v. Fernald,* 141 Fed. 940, 72 C. C. A. 666.)

Where the showing on motion to dismiss is such as would have procured an order of extension had it been moved, the motion to dismiss will be denied. (*Chapman v. Bank of California, supra; Curtin v. Ingle, supra; Maxwell v. Griffith,* 20 Wash. 106, 54 Pac. 938; *Dean v. Oregon R. & N. Co.,* 38 Wash. 565, 80 Pac. 842; *Brunnings v. Townsend,* 6 Cal. Unrep. 647, 64 Pac. 106.)

BUDGE, C. J.—The respondent moves the dismissal of the appeal in this case upon the ground that the transcript of the record on appeal was not served upon appellant or his attorney and filed in this court within sixty days after the appeal was perfected, as required by rule 26 of the rules of this court, and subd. 3, chap. 117, Sess. Laws 1911, p. 376; and that the time for filing said transcript of record on appeal was not extended as provided for by rule 28 of the rules of this court.

The facts of this case, so far as the motion to dismiss the appeal is concerned, are as follows: The complaint was filed in the district court on July 26, 1911, to which a demurrer was filed by respondent, Cunningham, and sustained. An amended complaint was thereafter filed a demurrer to which was likewise sustained. October 16, 1915, appellant herein, plaintiff below, having failed to further amend his complaint the case was dismissed.

This is an appeal from the judgment of dismissal and was perfected on January 13, 1916. On April 1, 1916, the time

for filing the transcript in this court having expired under rule 26, an order was signed by one of the justices, extending the time within which to file the transcript to May 1, 1916. Before the expiration of this latter period of extension the time for filing was further extended to June 1, 1916. The transcript was served upon respondent and filed with the clerk of this court on the 5th day of May, 1916, and on the 10th day of May, 1916, respondent filed his motion to dismiss this appeal.

We have therefore two propositions involved in the motion to dismiss this appeal; first, the question of jurisdiction, which arises by reason of the failure of the appellant to serve upon the respondent or his attorney and file in this court the transcript of the record of the trial court within sixty days after the appeal was perfected; second, conceding that this court acquires jurisdiction upon the filing of the notice of appeal and the undertaking, irrespective of the filing of the transcript within the time fixed by the rules of this court, was the appellant negligent in that he failed to secure an order from this court or a justice thereof, extending the time within which to file and serve the transcript in this court, before the time fixed by the rules had expired, and did appellant fail to exercise reasonable diligence in completing the transcript and making service thereof upon the respondent or his attorney within the time prescribed by said rules?

We will first direct our attention to the jurisdictional question. Counsel for respondent insists that the filing of the transcript in this court and the service upon respondent or his attorney, within the time prescribed by rule 26, is jurisdictional, and cites secs. 3815 and 3817, Rev. Codes, and also Sess. Laws 1911, subd. 3, p. 376, which provides among other things:

"The clerk shall complete said transcript and transmit the original and two (2) copies to the clerk of the Supreme Court . . . . within such time as is now or shall be designated by rule of the Supreme Court, and shall, within the said time deliver the remaining two (2) copies to the appellant or his

attorney, who shall forthwith serve one (1) copy upon the adverse party or his attorney, . . . . and shall file appropriate affidavit or admission of service with the clerk of the Supreme Court. . . . . ''

Rule 26, governing the filing and service of transcripts, provides:

''In all cases where an appeal is perfected . . . . transcripts of the record . . . . must be served upon the adverse party and filed in this Court within sixty days after the appeal is perfected . . . . written evidence of the service of the transcript upon the adverse party shall be filed therewith.''

It is conceded that the transcript was not filed or served within sixty days after the appeal was perfected. Therefore, if the jurisdiction of this court depends upon the filing of the transcript within the time fixed by the rule heretofore referred to, the motion of the respondent must be sustained. However, our attention is directed to rule 28, which provides:

''The time limit in which the transcript must be served and filed, as set forth in rule 26, may be extended by an order of the Court or a Justice thereof, upon good cause shown by affidavit, or by stipulation of the parties filed with the Clerk.''

It appears from the record that after the expiration of the time, under rule 26, for the filing of the transcript in this court, counsel for appellant obtained an order, in accordance with rule 28, signed by one of the justices, extending the time within which to file the transcript. Now counsel for appellant contends that the time was thereby extended up to and including the last day fixed in the order of extension. If, however, the jurisdiction of this court depends upon the filing of the transcript in the first instance, within the time fixed by the rules, and the time had expired within which to file the transcript before the order of extension was granted, such order not being within the time prescribed would be too late and would not confer jurisdiction upon this court.

An examination of the statute discloses the fact that it fails to fix the time within which the transcript shall be trans-

mitted to the clerk of this court or service thereof made upon the adverse party or his attorney, but expressly provides that the filing and service shall be made "within such time as is now or shall be designated by the rule of the supreme court." This court has by rule 26 fixed the time for the filing and service of transcripts within sixty days after the appeal is perfected.

There are a number of decisions, among which is the case of *State ex rel. Connors v. Foster*, 36 Mont. 278, 92 Pac. 761, where the rule is announced that while the statute may not expressly limit the time for the serving and filing of the transcript, yet expressly authorizes the court to fix such time, and once the time has been fixed, the rule of court cannot be changed to fit conditions of a particular case, but that, "These rules when adopted under the limitations prescribed by the statute . . . . have the force of statutes and become binding upon the courts and litigants alike. [Citing cases.] Further, they are binding upon the district courts and their officers in so far as these courts and officers have to do with matters of appeal and appellate procedure."

In the case of *Murphy v. Gould*, 39 App. D. C. 363–367, the court in discussing the question of failure of appellant to comply with the rules of the court said:

"These rules have the force of law, and are binding upon the court, and upon suitors, and those who represent suitors. They cannot be dispensed with by the court to meet the hardship of a particular case."

The same rule is laid down in *Talty v. District of Columbia*, 20 App. D. C. 489, and also in *District of Columbia v. Roth*, 18 App. D. C. 547–551.

In the case of *Thompson v. Hatch*, 3 Pick. (20 Mass.) 512, the court says:

"A duly authorized rule of court has the force of law, and is binding upon the court as well as upon parties to an action, and cannot be dispensed with to suit the circumstances of any particular case. . . . . The courts may rescind or repeal their rules without doubt; or, in establishing them, may reserve the exercise of discretion for particular cases.

But the rule once made without any such qualification must be applied to all cases which come within it, until it is repealed by the authority which made it.''

It would therefore seem that at least in some jurisdictions the failure of the appellant to comply strictly with the rules of the court subjects him to the same penalty that would be inflicted were the same acts regulated and controlled by statutory provisions.

From the following authorities it appears that under statutes and rules similar to such as regulate appellate practice in this state, it has been held that the filing of the transcript in the appellate court within the time prescribed by the statutes and rules is jurisdictional.

In the case of *Dufrene v. Smeaton,* 59 Neb. 67, 80 N. W. 267, in passing upon the question of whether the failure to file the transcript in the appellate court ousted that court of jurisdiction, the supreme court of Nebraska makes the following observations:

''This appeal is prosecuted from a final order rendered by the court below on June 25, 1896. The appeal must be dismissed for want of jurisdiction, since no transcript was filed in this court until December 26, 1896, which was more than six months after the entry of the final order sought to be reviewed. [Citing cases.] The filing of a transcript of the judgment or final order in the appellate court within the time prescribed by the statute is a jurisdictional matter which cannot be waived by the parties.''

To the same effect is the holding of the court of appeals of Kentucky in the case of *Wickliffe v. Turner,* 149 Ky. 379, 149 S. W. 833:

''The record not having been filed in the time allowed by law, and the time not having been extended by the court, the motion to dismiss the appeal must be sustained, although the filing of the bill of exceptions was delayed by causes beyond the appellant's control.''

In the case of *Louisiana Ry. & Navigation Co. v. Miller,* 114 La. 59, 38 So. 19, the facts are practically identical with those of the case at bar, namely, the appellant procured an

extension of time for the filing of the transcript of appeal; before the expiration of this extension he applied for and procured a second; one day after the expiration of the time granted in the second order of extension the appellant procured a third, which latter order the respondent moved to rescind, and the supreme court says:

"This motion was made one day after the last day of the extension that had been previously granted.

"Under the well-established rule of practice, the last extension could not avail appellant in any way. His right to perfect his said appeal was lost immediately after the return day had elapsed. . . . .

"Ordered, the order granted on the 17th day of January, 1905, extending time within which to file the transcript to February 6, 1905, is recalled, rescinded and canceled; the said appeal having lapsed by failure to timely file the transcript of appeal."

However, upon the other hand it has been held by appellate courts of equal gravity, having under consideration the same question, that the failure to file the transcript with the clerk of the appellate court is not jurisdictional, but that jurisdiction of the appellate court is acquired immediately upon the filing of the notice of appeal and the undertaking on appeal, within the time prescribed by statute.

Hayne's New Trial and Appeal, vol. 2, sec. 269, p. 1498, announces the general rule with reference to the jurisdiction of appellate courts in the absence of the filing of the transcript within the time allowed by the rules of the court, and states the rule to be, that, "Jurisdiction of the appellate court does not depend upon the filing of the transcript. It attaches immediately upon the filing of the notice of appeal, and cannot be divested, either by a failure to file the transcript or by its subsequent loss."

In the case of *In re Estate of Davis,* 151 Cal. 318, 121 Am. St. 105, 86 Pac. 183, 90 Pac. 711, 712, the supreme court of California announces the rule in that state and says:

"The jurisdiction of this court on appeal is not determined by the presence or absence of a copy of the record from the

trial court—the transcript on appeal. It acquires that jurisdiction immediately upon the filing of the notice of appeal in the lower court, acquires it for all purposes, and it is not divested of its jurisdiction, nor is such jurisdiction suspended, either on account of the failure to file a transcript on appeal, or the loss or destruction of it after it is filed."

In the case of *Westheimer v. Thompson,* 3 Ida. 418–420, 31 Pac. 797, this court laid down the rule as follows:

"Under statutes and rules similar to ours it has been uniformly held that, while failure to file the transcript within the specified time is ground for dismissal of the appeal, the delay may be excused. Each case must therefore depend upon the facts shown to establish the excuse for delay."

The supreme court of Washington in the case of *McAvoy v. Jennings (Harkins),* 39 Wash. 109, 81 Pac. 77, 78, says: "We have frequently held that the failure to file transcript within ninety days is not jurisdictional."

While, as above stated, the decisions of the courts upon this question are divided, in view of the holdings of this court, we are inclined to hold that failure to file and serve the transcript within the time fixed by the rules is not jurisdictional, but that jurisdiction is acquired upon the filing of the notice and undertaking on appeal, within the time prescribed by the statutes. But independent of the jurisdictional question involved, we are of the opinion that the appeal is subject to dismissal for failure of appellant to show proper diligence in prosecuting the appeal. At this time we might observe that although the appellant obtained an order, extending the time for filing the transcript, the order was signed subsequent to the expiration of sixty days from the perfection of the appeal. Appellant's failure to obtain the order within the time is a plain disregard of rule 28 of the rules of this court.

Subd. 3, chap. 117, p. 376, Sess. Laws 1911, and rules 26 and 28, expressly provide that the clerk of the trial court shall transmit an original and two copies of the transcript of record on appeal to the clerk of the supreme court, and the appellant or his attorney shall serve a copy thereof on the

respondent, both within sixty days from the day the appeal is perfected or within such time thereafter as may be allowed by order of the supreme court or a justice thereof. This order did not operate as an extension of time within which to file the transcript, since the time for filing had already expired under the rules.

In many jurisdictions the failure to obtain an extension of time within which to file the transcript in the appellate court before the expiration of the time fixed by the rules of the court has been held sufficient to divest the court of jurisdiction and to authorize a dismissal of the appeal.

In the case of *Wadsworth* (*Woodsworth*) *v. Beardsley,* 64 Kan. 885, 67 Pac. 457, it appears that the order was made one day too late and it was held that the court lost jurisdiction of the appeal.

In 3 Cyc. 120, the author lays down the following rule: "The application for an extension of the time within which to file transcripts must be made within the time prescribed for such filing."

In 4 C. J. 476, sec. 2201, the following rule is stated: "As a rule an extension can be granted only when applied for within the time prescribed by law for completing and filing the transcript.".

An examination of the affidavits filed by counsel for appellants in opposition to the motion to dismiss the appeal contains the allegation that appellant's attorneys frequently, both before and after the 13th day of March, 1916, which said day was sixty days from the time the notice and undertaking on appeal were filed by appellant in the clerk's office, asked the clerk if the transcript was ready, and urged the clerk to hasten the preparation of the transcript, but it nowhere appears that they asked the clerk whether the transcript would be ready within the sixty days, nor were they informed by the clerk that the transcript would not be ready within the sixty days, neither did they ask whether an order had been obtained, extending the time within which to file the transcript in this court, or themselves obtain an order

extending the time until the time, under the rules, had already expired.

The appeal was perfected immediately upon the service of the notice of the appeal and the filing of the undertaking on appeal with the clerk of the trial court. It was the duty of the attorney for the appellant, under the statutes and rules above cited, not only to call upon the clerk and ask him if the transcripts would be ready within the time prescribed, but it was further the duty of the attorney for appellant to definitely ascertain from the clerk whether the transcript would be ready within the sixty days, and if not to secure an extension of time.

In *First Nat. Bank of American Falls v. Shaw,* 24 Ida. 134, 132 Pac. 802, the court says:

"The appellant did not take the necessary steps required by the statute in presenting this appeal speedily and in good faith and without unnecessary delay. And thus the case falls within the rule announced by this court in *Finney v. American Bonding Co.,* 13 Ida. 534, 90 Pac. 859, 91 Pac. 318."

In the latter case this court said: "The transcript must be filed within sixty days after the appeal is perfected if no extension of time is given for that purpose. . . . . "

The extension of time must be secured before the expiration of the time fixed in the rule in order to be available to prevent a dismissal without notice.

In the case of *Mahoney v. Marshall,* 3 Ida. 343, 29 Pac. 110, this court in speaking through the late Justice Huston, in discussing the rules of this court involving a motion to dismiss an appeal for failure to file the transcript, says:

"The rules of the court, while subject to modification when the promotion of justice demands it, must not be considered as mere scarecrows of the law."

In the case of *Coon v. Sommercamp,* 26 Ida. 776, 146 Pac. 728, this court said: "It was clearly the duty of the attorney for the appellant to use reasonable diligence, to the end that the clerk complete his transcript and that the same be served

upon the opposing counsel within the time prescribed by the rules of this court.''

While it is true that it is the duty of the clerk to discharge the duties of his office and to prepare and file the transcript within the time fixed by the rules of this court, nevertheless it is likewise the duty of the attorney for the appellant to use due diligence and pursue all reasonable means within his power to see that the transcript is filed within the time allowed under the rules, or to procure an extension upon a proper showing made within the time fixed by the rules.

This court in the case of *Fischer v. Davis*, 24 Ida. 216, 133 Pac. 910, with reference to the failure of the clerk to prepare the transcript within the time, says:

''A failure on the part of the clerk of the district court to discharge this duty with diligence and dispatch may be reached by the appellant on application either to the district court or to this court.''

In the case of *Davis v. American Freehold Land Mortg. Co.*, 12 Tex. Civ. App. 37, 33 S. W. 271, the court in discussing the failure of the clerk to file and serve the transcript within the time allowed says:

''It was the duty of the appellant to use reasonable diligence to have her case prepared for appeal, and filed in the district court; the clerk of the county court having failed in his duty to transmit the record to the first term of the district court after the appeal was taken, it became the duty of the appellant to compel him to do so by *mandamus*.''

In the case of *Martin v. Phelps*, 53 Miss. 134, that court in discussing the right of the appellant to have the appeal dismissed for failure of the clerk of the trial court to send up the transcript as required by law, says:

''It was the duty of the plaintiff in error to have the record here by the first day of the term. It was for them to see that it was here, and if the circuit clerk failed to do his duty in getting it here, they should have appeared before this court and moved for a rule on the clerk to show why he had not transmitted the record. Not having done this, they

cannot now successfully interpose objections to the motion of defendants in error to docket and dismiss."

In the case of *State v. Jewett*, 27 Ida. 147, 147 Pac. 288, this court in discussing rule 23 (which is the same in effect as rule 26 of the rules as they now exist), speaking through Mr. Justice Morgan, says:

"The rules of practice in this court provide that within sixty days after an appeal is perfected the transcript of the record must be filed in this court, and that written evidence of the service thereof upon the adverse party shall be filed therewith; also, that if the said transcript is not filed within the time prescribed, the appeal may be dismissed on motion, without notice."

We have therefore reached the conclusion that upon the affirmative showing made by the appellant in this case that due diligence was not shown in the prosecution of this appeal and that the same should be dismissed, and it is so ordered. Costs awarded to the respondent.

Morgan and Rice, JJ., concur.