

# The Attorney General of Texas

June 8, 1984

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

J1 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Bob Bullock
Comptroller of Public Accounts
P. O. Box 13528
Austin, Texas    78774

Opinion No. JM-162

Re: Application of article III, section 18 of the Texas Constitution prohibiting legislators from contracting with the state

Dear Mr. Bullock:

> 1. A contract between the state and a corporation owned and operated by a member of the legislature is illegal, void, and unenforceable if the person was a member of the legislature when general legislation authorizing the transaction, or an appropriation act authorizing funds therefor, was enacted.

> 2. Your office is not authorized to approve vouchers or issue payments to the corporation for supplies or goods delivered to state agencies but not paid for.

> 3. Your office cannot properly issue payment for supplies or other goods that have not been shipped by the corporation and, therefore, delivery should not be accepted.

> 4. Agencies with outstanding balances "owing" to the corporation are not required to return the merchandise received, but should do so if it can be done without cost to the state. They should cancel all pending orders.

The foregoing statements answer specific questions you have posed concerning transactions by state agencies with a corporation owned, controlled, and operated by a legislator who first took office in January 1981. In June, 1982, the State Purchasing and General Services Commission executed a twelve months supply contract with the firm pursuant to the State Purchasing and General Services Act, article 601b, V.T.C.S. The aforesaid statute was first enacted in

1979, but it was amended in 1981. You advise that more than 90 state agencies have done business with this company, using general operating funds appropriated by the 1981 legislature in the general appropriations act.

Article III, section 18 of the Texas Constitution provides in pertinent part:

> No Senator or Representative shall, during the term for which he was elected, be eligible to (1) any civil office of profit under this State which shall have been created, or the emoluments of which may have been increased, during such term. . . . nor shall any member of the Legislature be interested, either directly or indirectly, in any contract with the State, or any county thereof, authorized by any law passed during the term for which he was elected. (Emphasis added.)

The Sixty-seventh Legislature of which the affected legislator was a member amended sections 3.08(a) and 3.28 of article 6.01b, V.T.C.S., the State Purchasing and General Services Act, Acts 1981, 67th Leg., ch. 546 at 2265. Both sections affect contracts with the corporation. As amended, section 3.08 regulates the amount of supplies, materials and equipment that may be purchased by state agencies directly, and section 3.28, as amended, makes corporations eligible for a "Texas bidders" preference previously unavailable to them. See Attorney General Opinion MW-332 (1981). Ownership and control of a corporation gives a legislator an interest in its contracts within the meaning of article III, section 18. See Attorney General Opinion M-625 (1970).

In Lillard v. Freestone County, 57 S.W. 338 (Tex. Civ. App. 1900, no writ), the court considered the refusal of a county to pay a former legislator on a contract for his services. The person had been a member of the Twenty-fourth and Twenty-fifth Legislatures. The law pursuant to which the contract was executed was first passed in the Twenty-fourth Legislature and amended in the Twenty-fifth. The court said:

> We think it apparent that the intention of [article III, section 18] of the constitution was to absolutely prohibit any person from entering into a contract with the state or county authorized by a statute passed by a legislature of which such person was a member. . . . The law was amended and re-enacted as a whole by the 25th legislature. The fees for publishing the

> delinquent tax list were changed.  It may be the
> change was slight, but, whether a change was made
> at all in this respect, we think the entire law,
> having been re-enacted as a whole, was 'passed'
> within the meaning of article 3, section 18, of
> the constitution. . . .

Id. at 338, 340.

The 1981 amendments did not formally re-enact all of article 601b, V.T.C.S., but it was noted in American Surety Company of New York v. Axtell Company, 36 S.W.2d 715, 719 (Tex. 1931), that an amended act is ordinarily to be construed as if the original act had been repealed, and a new and independent act in the amended form had been adopted in its stead.  We think the Lillard rule is applicable here, especially since the specific provisions enacted in 1981 during the legislator's term directly affect the opportunity of his company to contract with state agencies.

In addition, the funds provided agencies to effect their contemplated transactions with the corporation were authorized by the general appropriations act enacted in 1981 during the legislator's term.  Over a sixty year period, five different attorneys general of the state have considered whether an appropriations act, as well as general legislation, will operate as "authorizing" legislation within the prohibition of article III, section 18 of the Texas Constitution. Every one of them have reached the same conclusion:  it will.  See the opinions of Attorneys General John Hill, Attorney General Opinion H-696 (1975); Crawford Martin, Attorney General Opinion M-625 (1970); Grover Sellers, Attorney General Opinion O-6582 (1943); Gerald Mann, Attorney General Opinion O-1519 (1939); W.A. Keeling, Conference Opinion No. 2411, January 30, 1922.

We agree.  A constitutional provision designed to guard against favoritism, corruption and extravagance in state government should not be given a narrow construction unless the intent of the framers to do so is clear, particularly where it has received a broad construction for many years.  Director of the Department of Agriculture v. Printing Industries Association of Texas, 600 S.W.2d 264, 270 (Tex. 1980).  In our opinion, the contract executed in June 1982 was prohibited by article III, section 18 of the Texas Constitution and is unenforceable.

The effect of a constitutionally prohibited contract between a state agency and a contractor was laid out thirty years ago in the case of State v. Steck, 236 S.W.2d 866, 869 (Tex. Civ. App. - Austin 1951, writ ref'd).  There, a corporation had in good faith supplied the state with tax stamps pursuant to a contract that had not been approved by the governor, secretary of state, and comptroller as

article XVI, section 21 of the Texas Constitution required.   By different deliveries, the company provided the state 63,000,000 stamps that were delivered but not paid for.

The court declared the contract unenforceable.   Inasmuch as all parties were required to take notice of statutory and constitutional provisions pertinent to the making of contracts with the state, and since the contract was voluntarily entered into, the state was held not liable for any of the stamps delivered and used.   See State v. Ragland Clinic Hospital, 159 S.W.2d 105, 107 (Tex. 1942); 14 Tex. Jur. 3d, Contracts §173 at 282.   Cf. Attorney General Opinion MW-475 (1982).

The company in State v. Steck, 236 S.W.2d 866 (Tex. Civ. App. – Austin 1951, writ ref'd), asserted that it was entitled, at least, to recover the reasonable value of its property under a common law right. The court disagreed.   Common law, in order to support a recovery, it said, "must not be inconsistent with the Constitution and laws of the State."   Id. at 869.

In our opinion, officers of the state may not expend public funds in payment of the supplies or materials delivered to and used by state agencies pursuant to the contract, but supplies or materials that have not yet been used may be returned to the corporation, if done at no cost to the state.

S U M M A R Y

Article III, section 18 of the Texas Constitution prohibits a contract between the state and companies owned, controlled, and operated by a member of the legislature if the contract was authorized by a general statute or appropriations act passed during the legislator's term of office.   The state is not liable for supplies or materials furnished it pursuant to such a contract.

Very truly yours,

JIM   MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Bruce Youngblood
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Acting Chairman
David Brooks
Jim Moellinger
Bruce Youngblood